ΑO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

────── **DISTRICT OF** ──────  **DELAWARE**

CORPORAL TRINIDAD NAVARRO

**V.**

CHRISTOPHER A. COONS, individually and in his
official capacity; GUY H. SAPP, individually
and in his official capacity; and NEW CASTLE
COUNTY, a municipal corporation

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:    05-565 GMS

TO: SGT. ROBERT SCHLECKER
DEPT. OF PUBLIC SAFETY
3601 N. DuPONT HIGHWAY, NEW CASTLE, DE  19720

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | Rosenthal, Monhait & Goddess, P.A.<br>Suite 1401, 919 Market Street<br>Wilmington, DE  19801 | DATE AND TIME<br>June 28, 2006 at<br>2:30 p.m. |
|---|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **All minutes and records of Fraternal Order of Police New Castle Lodge No. 5, its Rules Committee or any other committee thereof, concerning the presentation of a May 3, 2005 memorandum requesting assistance and a July 5, 2005 memorandum requesting funding, as well as any discussion, deliberation and resolution on those memoranda.  (The memoranda are attached.)**

| PLACE | Rosenthal, Monhait & Goddess, P.A.<br>Suite 1401, 919 Market Street<br>Wilmington, DE  19801 | DATE AND TIME<br>June 28, 2006 at<br>2:30 p.m. |
|---|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _(signature)_  Attorneys for Defendants<br>Christopher A. Coons and Guy Sapp | 6/15/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER  Jeffrey S. Goddess, Rosenthal, Monhait & Goddess, P.A.,
Suite 1401, 919 Market Street, Wilmington, DE  19801    (302) 656-4433

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

1
If action is pending in district other than district of issuance, state district under case number.

# NEW CASTLE COUNTY

# DIVISION OF POLICE

# MEMORANDUM

**TO:**    **FOP Vice President, Sergeant Robert Schlecker, Rules Committee Chairperson**

**FROM:**    **Detective L. Rob Joseph, Detective Joseph Trala, Cpl. Trinidad Navarro**

**SUBJECT:    Request for Funding**

**DATE:**    **July 5, 2005**

This memorandum is submitted to formally request permission to seek out an attorney with FOP funding in an amount not to exceed $5,000. We understand any attorney obtained will be paid at the current "Plea" rate. We understand the money will be paid directly to an attorney and any additional cost will be covered by the requesting officers.

Margolis Edelstein
Navarro v. W.P.D
0012

# NEW CASTLE COUNTY

## DIVISION OF POLICE

## MEMORANDUM

**TO:**       **FOP Board of Directors**

**FROM:**     Detective John Treadwell, Detective L. Rob Joseph, Ofc. Patricia
              Davies, Detective Joseph Trala, Cpl. Trinidad Navarro, Ofc. Wendi
              Feeser.

SUBJECT: Promotion issue

**DATE:**     May 3, 2005

We are officially seeking your assistance with determining the status of the Sergeant
promotional opportunities.  It is our understanding the FOP has a standing agreement with
the Colonel regarding filling opening positions within 60 days of a vacancy.  We would
like to know two things.  First, why haven't the recent openings been filled?  Second,
how many openings are currently available?

As you know, six sergeants have already been promoted from the current certified list.
What action, if any, has the FOP made to ensure these positions are filled?

Margolis Edelstein
Navarro v. W.P.D
0013

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | 6/16/06 | 3601 N. DUPONT HWY  NEW CASTLE, DE |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| **SGT ROBERT SCHLECKER** | ACCEPTED BY   JAMES WILLEY |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| **DENORRIS BRITT** | PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    6/16/06

DATE

SIGNATURE OF SERVER

**BRANDYWINE PROCESS SERVERS, LTD.**
**P.O. BOX 1360**
**WILMINGTON, DE  19899-1360**
**302-475-2600**

## Rule 45, Federal Rules of Civil Procedure, Parts C & D-

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the partyor attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need notappearin person atthe place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materialsorof the premises. If objection is made, the partyserving the subpoenashall not be entitled to inspectand copymaterials; or inspectthe premises except pursuaritto an order of the court by which the subpoena was issued. If objection has been made, the parlyserving the subpoena may, upon notice to the person commanded to produce, move at any time for an orderto compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court bywhich asubpoenawas issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(h) requires a person who is not a party or an officer ofa partyto travel to a place more than 1 00 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matterand no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(ii!) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 1 00 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows asubstantial need forthe testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are keptin the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged orsubjectto protection astrial preparation materials, the claim shall be made expresslyand shall be supported bya description of the natureof the documents, communications. orthings not produced that is sufficienttoenable the demanding party to contest the claim.