**Christopher A. Coons**
County Executive



**Gregg E. Wilson**
County Attorney

## OFFICE OF LAW

July 31, 2006

**_Via Electronic Filing_**
The Honorable Gregory M. Sleet
United States District Court for
  the District of Delaware
844 North King Street
Wilmington, DE 19801

      RE:    *Navarro v. Coons, et al.*
             *C.A. No. 05-565 (GMS)*

Dear Judge Sleet:

      I am counsel for Defendants New Castle County and Christopher A. Coons and Guy H. Sapp in their official capacities in the above-captioned matter. On Friday, July 28, 2006, counsel for plaintiff, Jeffrey K. Martin, Esquire, wrote to the Court seeking leave to amend the Complaint in the above-captioned matter. Having just received this letter this morning, I am writing to advise the Court that the County defendants object to these requests.

      The deadline to amend the pleadings in this matter passed on January 30, 2006. However, plaintiff would like to disregard this deadline because he has just now completed his research and has concluded that there are additional claims that should be added to the Complaint. Unfortunately, the timing of plaintiff's counsel's decision to perform the legal research necessary to prosecute this case is not a basis to dictate the timing of amendments to the Complaint. Plaintiff's counsel also cites the case of *Garcetti v. Ceballos*, 126 S.Ct. 1951 (2006) as a reason for seeking an amendment at this late date because he now realizes that the ruling in *Garcetti* may limit his client's only claim of free speech. However, the ruling in *Garcetti*, which limits plaintiff's free speech claim, has no bearing on plaintiff's counsel's ability to properly plead all claims when the Complaint was initially filed. Moreover, while Plaintiff's counsel seeks to add a First Amendment claim of freedom of political belief and association to the Complaint, these are both issues that he should have been aware of when the Complaint was filed. Finally, *Garcetti* was decided back on May 30, 2006, and plaintiff's counsel should have been aware of this decision at that time in light of the considerable coverage of this case in the press and in his responsibility to keep abreast of major court decisions that may impact his client's case.

THE HONORABLE GREGORY M. SLEET
PAGE TWO

      To the extent plaintiff's counsel is also seeking an extension of time to file a response to Defendant's Motion for Summary Judgment, the County defendants similarly object to this request. Regardless of Plaintiff's intent to file a formal Motion for Leave to Amend the Complaint, it should not preclude plaintiff from answering the issues addressed in Defendants' Motion for Summary Judgment.

      As Your Honor is aware, discovery concluded on July 3, 2006 after having been previously extended by the Court, and trial is set to begin on December 4, 2006. Permitting plaintiff to amend the Complaint to essentially change his theory of the case at this late date would severely prejudice the defendants and justice does not require the Court to grant an amendment. Counsel is available at the convenience of the Court to address these matters in further detail.

Respectfully,

Megan Sanfrancesco (#3801)
First Assistant County Attorney

MS/sld

cc:    Michele D. Allen, Assistant County Attorney
        Judith A. Hildick, First Assistant County Attorney
        Jeffrey S. Goddess, Esquire
        Jeffrey K. Martin, Esquire