IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **CORPORAL TRINIDAD NAVARRO,** : <br> : <br> **Plaintiff,** : <br> : <br> v. : <br> : <br> **CHRISTOPHER A. COONS,** : <br> **individually and in his official capacity;** : <br> **GUY H. SAPP, individually and in his** : <br> **official capacity; and NEW CASTLE** : <br> **COUNTY, a municipal corporation,** : <br> : <br> **Defendant.** : <br> : | C.A. No. 05-565 (GMS) <br><br> JURY TRIAL DEMANDED |

### MOTION FOR LEAVE TO AMEND COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff herein seeks leave of Court to amend the Complaint based upon the reasons that follow:

1. Plaintiff filed the above-captioned Complaint on or about August 4, 2005.

2. The Complaint sets forth twenty-four (24) paragraphs of "Factual Background" and thereafter sets forth two (2) causes of action sounding in violation of free speech under the First Amendment and retaliation as a result of Plaintiff's exercise of free speech.

3. At the time of filing this matter and continuing through the end of May, 2006, the Complaint set forth a viable cause of action under then controlling First Amendment jurisprudence as evidenced in part, by Defendants' failure to file a Motion to Dismiss.

4. On May 30, 2006, the U.S. Supreme Court decided the case of Garcetti v. Ceballos, 126 S.Ct. 1951 (2006). Garcetti dramatically changed the law with regard to

the exercise of speech by a public employee. The Garcetti opinion effectively eliminated the free speech protection under the First Amendment for public employees who speak pursuant to their job duties and/or responsibilities.

5. The effect of the Garcetti decision seriously impairs Plaintiff's ability to prevail on a free speech theory as set forth in the Complaint.

6. At the time the Garcetti opinion was announced, discovery in this matter was ongoing and was later concluded in early July 2006.

7. On July 17, 2006, Defendants jointly filed a Motion for Summary Judgment along with an accompanying Opening Brief in support of same.

8. Defendants' primary argument for the dismissal of Plaintiff's free speech violation and retaliation claims relies upon the Garcetti decision, *supra*.

9. Defendants have argued that Plaintiff's Complaint should be dismissed because the speech that Plaintiff was seeking to have protected is no longer considered protected speech in the course of the public employees' job duties and/or responsibilities under the Garcetti decision.

10. In preparation for responding to the Opening Brief, Plaintiff's counsel has been carefully reviewing the law to determine whether the Garcetti decision may be distinguished from the instant matter and still permit a means of recovery for Plaintiff.

11. Plaintiff's research has included discussions with law professors and other First Amendment practitioners throughout the country.

12. As a result of Plaintiff's research and discussions, Plaintiff now seeks leave of Court to amend the Complaint to include a count for the First Amendment violation of the freedom of political association.

13. This Court has recognized a cause of action sounding in freedom of political association under the First Amendment in Scott v. Sills, 134 F. Supp. 2d 599 (D. Del. 2001).

14. Plaintiff's proposed amendment would not add any new factual bases supporting the claim of the violation of freedom of political association. Rather, the same paragraphs set forth in the Complaint as Factual Background as well as the five (5) preceding introductory paragraphs are restated in the Amended Complaint. The only proposed change would be to add a count for the violation of the freedom of political association as currently stated in the Complaint followed by the retaliation count which in the Complaint follows directly from the violation of free speech.

15. The U.S. Court of Appeals for the 3d Circuit has consistently held that the right to amend a complaint under F.R.C.P. 15(a) is to be liberally granted. See Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Is., Inc., 663 F. 2d 419, 427 (3d Cir. 1981).

16. There is precedent for the Court allowing an amendment of the Complaint when the underlying law changes. See Teamsters Pension Trust Funds of Phila. & Vicinity v. John Tinney Delivery Serv., Inc., 732 F. 2d 319 (3d Cir. 1984).

17. In the instant matter, should the present Complaint be dismissed or otherwise deemed adjudicated, Plaintiff has the opportunity to re-file a Complaint alleging freedom of the right of political association and retaliation. The applicable time period for the First Amendment violations in this matter is May 2005 through July 2005. As such, there is no bar by statute of limitations in filing this prospective cause of action.

18.   Judicial economy and efficiency dictate that this matter should be amended rather than dismissed and re-filed. There has been a wealth of discovery that has taken place with eight (8) depositions and over two thousand (2,000) pages of documents exchanged between the parties. These documents and depositions will be applicable to both the free speech and the political association causes of action.

WHEREFORE, the Plaintiff respectfully requests leave of Court to amend the Complaint as attached hereto.

Respectfully submitted,

**MARGOLIS EDELSTEIN**

  /s/ Jeffrey K. Martin
Jeffrey K. Martin, Esquire (#2407)
1509 Gilpin Avenue
Wilmington, Delaware 19806
(302) 777-4680 Telephone
(302) 777-4682 Facsimile
jmartin@margolisedelstein.com
***Attorney for Plaintiff***