IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORPORAL TRINIDAD NAVARRO, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 05-565 GMS |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| CHRISTOPHER A. COONS, individually and in his official capacity; GUY H. SAPP, individually and in his official capacity; and NEW CASTLE COUNTY, a municipal corporation, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND COMPLAINT**

Pursuant to Fed. R. Civ. P. 15(a), Defendants file this Response in Opposition to Plaintiff's Motion to Amend the Complaint for the reasons that follow:

1. Plaintiff filed the Complaint in this matter on August 4, 2005. (D.I. 1).

2. Pursuant to the Court's December 8, 2005 Scheduling Order, all motions to amend the pleadings were to be filed on or before January 30, 2006. (D.I. 14).

3. Initially, discovery was to conclude on May 1, 2006 pursuant to the Scheduling Order. However, on April 11, 2006, counsel jointly requested, and the Court granted, an extension of the discovery deadline until July 1, 2006, and an extension of the dispositive motions deadline until July 17, 2006. (D.I. 44)

4. On July 7, 2006, the Court held a teleconference in reference to a discovery dispute. During the teleconference Mr. Goddess, individual counsel for Defendants Coons and Sapp, asserted that based on the Supreme Court's decision in *Garcetti v. Ceballos*, 126 S.Ct. 1951 (2006), Plaintiff's speech was not protected. (*See* pp. 7, 16-17 of Transcript of July 7, 2006 teleconference, Exhibit A).

5. On July 17, 2006, Defendants filed their Opening Brief in Support of Their Motion for Summary Judgment. (D.I. 58-61).

6. Plaintiff's response to Defendant's Motion for Summary Judgment was due on July 31, 2006. Rather than file a timely response to that motion, Plaintiff filed a Motion to Amend the Complaint ("Motion"), seeking to add a claim for freedom of political association just months before trial. (D.I. 65). The reason given for the Motion was that Plaintiff's counsel had recently completed his research for his answering brief to Defendants' Motion for Summary Judgment, and concluded that it was necessary for him to seek leave to amend the Complaint. (*See* July 28, 2006 letter from Jeffrey K. Martin, Esq., D.I. 63).

7. Plaintiff asserts that he should be permitted to file an Amended Complaint due to the Supreme Court's decision in *Garcetti v. Ceballos*, 126 S.Ct. 1951 (2006), which held that employee speech made pursuant to duties did not warrant constitutional protection. Plaintiff claims that the *Garcetti* decision is Defendants' primary argument in support of dismissal of Plaintiff's free speech claims.

8. Undeniably, *Garcetti* was significant to Defendants' motion. However, as clearly stated in Defendants' opening brief, *Garcetti* is just one of several reasons that justify dismissal of Plaintiff's claims. The fact that Plaintiff failed to engage in protected activity under the First Amendment because he did not engage in speech related to a matter of public concern is particularly fatal to his claims, and that is a fatal flaw apart from the *Garcetti* analysis. *See Connick v. Myers*, 461 U.S. 138, 146-47 (holding that a matter of public concern is "any matter of political, social or other concern to the community."). Alternatively, should the Court find that Plaintiff did engage in protected speech, his claims should nevertheless be dismissed under *Garcetti* because he spoke pursuant to his duties as a public employee. *See Garcetti*, 126 S.Ct.

1951 (2006)(First Amendment does not protect public employees with respect to statements made pursuant to official duties).

9.   Although leave to amend pleadings out of time under Fed. R. Civ. P. 15(a) is generally at the discretion of the trial court, a court can deny a motion to amend where the movant has unduly delayed in bringing the motion. *Cureton v. National Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Moreover, "[t]he trial Court's discretion under Rule 15 . . .must be tempered by considerations of prejudice to the non-moving party, for undue prejudice is 'the touchstone for the denial of leave to amend.'" *Heyl & Patterson, Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc.*, 663 F.2d 419, 425 (3d. Cir. 1981)(*quoting Cornell and Co., Inc. v. Occupational Safety and Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)). The doctrine of futility similarly allows the court to refuse any amendment that fails to state a cause of action. *Fatir v. Dowdy*, 2002 WL 2018824 (D. Del.)(*citing Cureton*, 252 F.3d at 273). Further, when a court has set a schedule under Fed. R. Civ. P. 16, as was done here, the Rule 15(a) standard is supplanted by the more stringent, "good cause" requirement in Rule 16(b). 3 *Moore's Federal Practice*, §§ 15.14[1] and 16.14[1] (M. Bender 3d ed).

10.   "Motions to amend which are filed after summary judgment motions have been filed or granted are highly disfavored." *Fatir*, 2002 WL 2018824 at *8 (*citing Cureton*, 252 F.3d at 273; *Eisenmann v. Gould-National Batteries, Inc.*, 169 F.Supp. 862, 864 (E.D.Pa. 1958)). A plaintiff's delay in filing an amendment "may become undue after a motion for summary judgment is filed where the movant has had previous opportunities to amend a complaint, but chose not to do so." *Id.* (*citing Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861-862 (7th Cir. 2001))(denying leave to amend for plaintiff's delay in filing until faced with a summary judgment despite fact that claim was previously available). Amendments are disfavored if the requested amendment is based upon facts known to the plaintiff at the time of

the previous complaint. *Id. (citing M/V American Queen v. San Diego Marine Construction Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983))(denying leave to amend where summary judgment was pending and amendment was not product of newly discovered facts and was known at the time of the previous complaint).

11.  Plaintiff's attempt to amend his Complaint in the instant case is untimely. According to the January 8, 2005 Scheduling Order, all motions to amend the pleadings were to be filed on or before January 30, 2006. Discovery concluded on July 3, 2006, and Defendants filed timely their Motion for Summary Judgment on July 17, 2006 in accordance with the deadlines set by the Court. Plaintiff's proposed amendment clearly falls outside of the deadline set by the Court for motions to amend. Permitting Plaintiff to disregard this deadline ignores the very purpose of the scheduling order – "to provide concrete deadlines on which the parties can rely in planning their litigation strategies." *McLaughlin v. Diamond State Port Corp.*, 2004 WL 2958664, *4 (D.Del.). In light of the implicit prejudice to Defendants, Plaintiff's Motion should be denied.

12.  Plaintiff's Motion is also the product of undue delay. It is clear that Plaintiff delayed filing the amendment (rather than risk an unfavorable ruling on summary judgment), despite the fact that the additional claim which he attempts to assert was previously available to him. *See Fatir*, 2002 WL 2018824 at *8 (timing of motion to amend in response to defendant's motion for summary judgment raised inference of plaintiff's attempt to bolster legal position and avoid summary judgment). Amendments are disfavored after summary judgment motions have been filed, especially when based upon facts known to plaintiff at time of filing initial complaint. *Id. (citations omitted)*. Plaintiff admits in his Motion that the additional count is not based on any newly discovered evidence or facts. (D.I. 65, ¶ 14). Rather, Plaintiff intends to rely solely on the factual background contained in the original Complaint. *Id.* Therefore, it is evident that

this claim was previously available to Plaintiff at the time he filed his initial Complaint. Allowing Plaintiff to amend the Complaint after summary judgment motions have been filed prejudices the Defendants in light of the delay inherent in accommodating such a request, and denies the Defendants the opportunity to achieve summary disposition of their claims. The interests of judicial economy and finality of litigation similarly compel the denial of the instant Motion. *See Cureton*, 252 F.3d at 273 (*citations omitted*)(recognizing compelling interests of finality of litigation and judicial economy where motions to amend are delayed until after summary judgment).

13.  Defendants will also suffer prejudice if the amendment is granted. Plaintiff has all but conceded that his speech counts are subject to dismissal, so his sole thrust would be the new claim – freedom of association. As such, the entire theory and direction of the case would have to be re-examined, the trial date must be postponed, and witnesses will have to be re-deposed as to their knowledge of facts pertaining to the new claim. Defendants have already expended extensive time and resources defending the case. Moreover, several of the witnesses already deposed in this case no longer reside in Delaware or work for the County. For example, former New Castle County Police Chief David McAllister, who forms the crux of Plaintiff's proposed new claim, currently resides in Bluffton, South Carolina, and Defendant Guy Sapp and witness David Singleton no longer work for the County. Allowing an amendment at the eleventh hour will cost the County additional time and resources that could have been minimized if Plaintiff had properly included this claim in the initial complaint or filed a timely amendment and will inevitably prolong the litigation.

14.  Plaintiff puts forth no justification or explanation as to why a claim for political association and retaliation was not filed sooner. The only explanation given by Plaintiff is that the Supreme Court's recent ruling in *Garcetti* dramatically changed the law regarding the

exercise of speech by a public employee. (*See* Amended Complaint, D.I. 65, Attachment 1). Plaintiff cites *Teamsters Pension Trust Fund v. John Tinney Delivery Service, Inc.*, 732 F.2d 319 (3d. Cir. 1984) to support his contention that the Third Circuit has allowed amendments to the complaint where the underlying law changes. (D.I. 65, ¶ 16). In *Teamsters Pension*, the Third Circuit remanded the case to permit plaintiffs' motion to amend the complaint to incorporate a cause of action under ERISA, as revised by amendments to ERISA that were passed subsequent to the filing of the complaint. *Teamsters Pension*, 732 F.2d at 324. In other words, the change in the law was to make a new claim available. In this case, however, Plaintiff is merely seeking to add a cause of action that already existed prior to the *Garcetti* decision. The *Garcetti* decision does not expand the remedies available to Plaintiff like the ERISA amendments at issue in *Teamsters Pension*, and *Garcetti* had absolutely no effect on Plaintiff's ability to have included a political association claim in the initial Complaint. Rather, the only impact of *Garcetti* is that it essentially negates Plaintiff's free speech claims. It is also interesting to note that Plaintiff delayed filing this motion until after Defendants' Motion for Summary Judgment was filed, despite the fact that the *Garcetti* decision was released on May 30, 2006 – two months prior to Plaintiff's initial notification on July 28, 2006 of his desire to amend the Complaint, and three weeks after counsel addressed the impact of the *Garcetti* decision on Plaintiff's claims during the July 7, 2006 discovery teleconference. (Exhibit A, p. 7, 16-17).

15. Finally, Plaintiff's Motion, which contains a claim for first amendment political association and retaliation in a new Count II of the proposed Amended Complaint, fails to state a claim and as such, the Motion should be denied as futile under current law. By way of amendment, Plaintiff alleges that he was retaliated against because of his decision to remain on the "McAllister team" and that the "McAllister team" was considered a political group. (*See* Count II of Amended Complaint, D.I. 65, Attachment # 1). However, there is no

constitutional protection for such activity. The Constitution "protects against unjustified government interference with an individual's choice to enter into and maintain certain intimate or private relationships [as well as an] individual's choice to associate for the purpose of engaging in protected speech or religious activities." *Board of Directors of Rotary International v. Rotary Club of Durarte*, 481 U.S. 537, 544 (1987). But for purposes of freedom of association claims, such protected relationships include familial relations, including marriage, raising and educating children, and cohabiting with one's relatives. *See Rode v. Dellarciprete*, 845 F.2d 1995, 1204 (3d Cir. 1988)(*citing Roberts v. United States Jaycees*, 468 U.S. 609, 619 (1984). As Plaintiff fails to assert any facts regarding his relationship with McAllister sufficient to invoke constitutional protection under these standards, an amendment to include this claim would be futile.

WHEREFORE, Defendants respectfully request that this Honorable Court deny Plaintiff's Motion for Leave to Amend the Complaint.

Respectfully submitted,

/s/ Michele D. Allen
Michele D. Allen, Assistant County Attorney (#4359)
Judith A. Hildick, First Assistant County Attorney (#3244)
Megan Sanfrancesco, First Assistant County Attorney (#3801)
New Castle County Law Department
87 Reads Way
New Castle, DE 19720
(302) 395-5130
*Attorneys for New Castle County and Christopher A. Coons and Guy H. Sapp in their Official Capacities*

/s/ Jeffrey S. Goddess, Esq.
Jeffrey S. Goddess, Esq.(#630)
Rosenthal, Monhait & Goddess, P.A.
919 Market Street, Suite 1401
P.O. Box 1070
Wilmington, DE 19899
(302) 656-4433
*Attorney for Christopher A. Coons and Guy H. Sapp in their Individual Capacities*

Dated: August 14, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORPORAL TRINIDAD NAVARRO, : | |
| : | |
| Plaintiff, : | C.A. No. 05-565 GMS |
| : | |
| v. : | JURY TRIAL DEMANDED |
| : | |
| CHRISTOPHER A. COONS, : | |
| individually and in his official capacity; : | |
| GUY H. SAPP, individually and in his : | |
| official capacity; and NEW CASTLE : | |
| COUNTY, a municipal corporation, : | |
| : | |
| Defendants. : | |

### CERTIFICATE OF SERVICE

I, Michele D. Allen, Assistant County Attorney hereby certify that on August 14, 2006, I electronically filed the foregoing Defendants' Response in Opposition to Plaintiff's Motion to Amend the Complaint with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

> Jeffrey K. Martin, Esquire
> Margolis Edelstein
> 1509 Gilpin Avenue
> Wilmington, DE 19806
>
> Jeffrey S. Goddess, Esquire
> Rosenthal, Monhait & Goddess
> 919 Market Street, Suite 1401
> P.O. Box 1070
> Wilmington, DE 19899-1070

> /s/ Michele D. Allen
> MICHELE D. ALLEN,
> Assistant County Attorney
> (Delaware Bar No. 4359)
> New Castle County Law Department
> 87 Reads Way
> New Castle, DE 19720
> Telephone: (302)395-5130