Schedule (2)(b)
**Plaintiff's Contested Issues of Fact and Law**

A public employee may not be discharged, demoted, or disciplined (or not promoted) for political activities or beliefs, unless political affiliation or belief is an appropriate job qualification for the particular position.

In this case the Plaintiff claims that the Defendant, while acting "under color" of state law, intentionally deprived the Plaintiff of the Plaintiff's rights under the Constitution of the United States.

Specifically, the Plaintiff claims that while the Defendant was acting under color of authority of the State of Delaware, as County Executive of New Castle County the Defendant intentionally violated the Plaintiff's constitutional rights when the Defendant failed to promote the Plaintiff because of the Plaintiff's exercise of the constitutional right of free speech, political belief and association.

The Defendant denies that the Plaintiff's rights were violated in any way, and asserts that [*describe the Defendant's theory of defense or affirmative defenses, if any*].

Under the First Amendment to the Constitution of the United States, every citizen has the right to "freedom of speech," which includes the right to engage in "political activity," such as holding meetings and hearing the views of political candidates, or running for office or supporting political candidates, without governmental interference or penalty. This means, then, in the case of governmental or public employees [except for certain "key" employees as hereafter defined] that such public employees may not be [discharged from their employment] [denied a promotion] by governmental authority because of that kind of political activity which is protected by the First Amendment.

The law further provides that a person may sue in this Court for an award of money damages against anyone who, "under color" of any state law or custom, intentionally violates the Plaintiff's rights under the Constitution of the United States.

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First: That the actions of the Defendant were "under color" of the authority of the State;

Second: That the Plaintiff engaged in constitutionally protected political activity, a form of free speech, as previously defined, by exercise of the constitutional right of free speech, political belief and association;

Third: Such protected political activity was a substantial or motivating factor in the Defendant's decision to not promote the Plaintiff; and

Fourth: That the Defendant's acts were the proximate or legal cause of damages sustained by the Plaintiff.

[In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.]

[In this case the parties have stipulated or agreed that the Defendant acted "under color" of state law and you should, therefore, accept that fact as proven.]

[A state or local official acts "under color" of the authority of the state not only when the official acts within the limits of lawful authority, but also when the official acts without or beyond the bounds of lawful authority. In order for unlawful acts of an official to be done "under color" of state law, however, the unlawful acts must be done while the official is purporting or pretending to act in the performance of official duty; that is, the unlawful acts must be an abuse or misuse of power which is possessed by the official only because of the position held by the official.]

You should be mindful that the law applicable to this case requires only that a public employer refrain from taking action against a public employee because of the employee's exercise of protected First Amendment rights. So far as you are concerned in this case, a public employer may [discharge] [fail to promote] a public employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the Defendant even though you personally may not approve of the action taken and would have acted differently under the circumstances. Neither does the law require that a public employer extend any special or favorable treatment to public employees because of their exercise of protected First Amendment rights.

On the other hand, in order to prove that the Plaintiff's constitutionally protected political activities were a "substantial or motivating" factor in the Defendant's decision, the Plaintiff does not have to prove that the protected activities were the only reason the Defendant acted against the Plaintiff. It is sufficient if the Plaintiff proves that the Plaintiff's protected political activities were a determinative consideration that made a difference in the Defendant's decision.

Finally, for damages to be the proximate or legal result of wrongful conduct, it must be shown that, except for such conduct, the damages would not have occurred.

[If you find in the Plaintiff's favor with respect to each of the things the Plaintiff must prove, you must then decide whether the Defendant has shown by a preponderance of the evidence that the Plaintiff would have been [dismissed] [denied a promotion] for other reasons, even in the absence of the protected activity. If you find that the Plaintiff would have been [dismissed] [denied a promotion] for reasons apart from the protected political activity, then your verdict should be for the Defendant.]

[Now, if you find in favor of the Plaintiff, and then find that the Defendant has not established the defense that the Plaintiff would have been [dismissed] [denied a promotion] in any event for reasons unrelated to protected political activity, you must

then decide another defense put forward by the Defendant — namely, that the Plaintiff was a "key" employee whose job duties and responsibilities were such that the Defendant had a right to expect and demand political loyalty from the Plaintiff as a condition of employment.

An elected official such as the Defendant must stand for election and is politically responsible or accountable for the acts of certain key employees. The elected official has a right, therefore, to expect and demand political loyalty from these key employees so that if such an employee engages in politically disloyal activity, that employee may be [terminated] [denied a promotion] even though the politically disloyal activity would otherwise be a form of free speech or free association protected by the First Amendment. On the other hand, non-key employees continue to enjoy full First Amendment protection and cannot be [terminated] [denied a promotion] simply because they engaged in politically disloyal activity.

Thus, one of the issues you must decide in this case is whether the Plaintiff was a "key" employee. A key employee is one who holds a position in which the employee's private political beliefs or political activity may interfere with the performance of the public duties of the position. In other words, if a person is a key employee, political support by the employee of the elected public employer is an appropriate requirement for the effective performance of the employee's responsibilities.

To decide whether the Plaintiff was a key employee by virtue of the Plaintiffs position as POI, you should consider any or all of the following factors as they may apply:

1. Whether the Plaintiff acted as an advisor or formulated plans or policies for the implementation of broad goals concerning the operation of the New Castle County;

2. Whether the Plaintiff exercised discretion in carrying out the Plaintiff's responsibilities or, in other words, whether the Plaintiff exercised independent judgment in executing policies and procedures;

3. Whether the Plaintiff had regular contact with or worked closely with the Defendant as the elected official;

4. Whether the Plaintiff frequently interacted with the public as the representative or alter ego of the elected official; and

5. Whether the Plaintiff had access to confidential information not generally available to other employees of the agency.

No one of these factors is more important than any of the others, and it is not necessary that all of them exist in a particular position in order for the job to be a "key" position. What you must do is weigh these considerations, together with any other similar features

you find to exist from the evidence, and then decide whether the Plaintiff was, or was not, a "key" employee.]

If you find in favor of the Plaintiff, and against the Defendant with respect to the defenses, you will then consider the Plaintiff's claim for damages.

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

[On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury — tangible and intangible. Thus, no evidence of the value of such intangible things as emotional pain and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.]

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

a. Net lost wages and benefits to the date of trial;
b. Emotional pain and mental anguish.
[c.    Punitive damages, if any (as explained in the Court's instructions)]
[You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages — that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that the Plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the Plaintiff's damages by the amount that could have been reasonably realized if the Plaintiff had taken advantage of such opportunity.]

[The Plaintiff also claims that the acts of the Defendant were done with malice or reckless indifference to the Plaintiff's federally protected rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

If you find for the Plaintiff, and if you further find that the Defendant did act with malice or reckless indifference to the Plaintiff's federally protected rights, the law would allow you, in your discretion, to assess punitive damages against the Defendant as punishment and as a deterrent to others.

If you find that punitive damages should be assessed against the Defendant, you may consider the financial resources of the Defendant in fixing the amount of such damages [and you may assess punitive damages against one or more of the Defendants, and not others, or against more than one Defendant in different amounts].]