Schedule (2)(m)

Motions in Limine

**Defendants:**

**Defendants move in limine to deny the admissibility of the following:**

> 1. **Defendants move to exclude the admissibility of any testimony regarding any and all alleged discrimination by the defendants against persons other than the plaintiff pursuant to Fed.R.Evid. 401, 402, 403 and 404 for the following reasons:**

Defendants anticipate that plaintiff may attempt to introduce testimony relating to negative employment experiences of various current employees in an attempt to raise an inference that supports his own retaliation claim. Plaintiff may also try to present his own individual observations about how other employees were treated. Evidence regarding alleged discriminatory conduct directed at other employees is irrelevant, prejudicial, confusing to the jury, and only acts to further obfuscate the real issues in this case. In addition, such evidence also constitutes improper character evidence and evidence of conduct in conformity with prior bad acts under Fed.R.Evid. 404.

In *Franco-Rivera v. Chairman of Board of Directors*, 751 F.Supp. 13, 14 n. 1 (D. Puerto Rico 1990), a plaintiff attempted to introduce evidence of other employees' own discriminatory complaints to support his claim of national origin discrimination. The court granted defendant's motion in limine to exclude such evidence because it was "in a large measure legally irrelevant." *Id*. Any attempts by Plaintiff to introduce evidence relating to other employees' negative experiences or how other employees were treated should be excluded as irrelevant under Fed.R.Evid. 401 and 402.

Defendant's alleged discrimination or harassment against other employees should also be excluded under Fed.R.Evid 403 which provides that the court may exclude evidence if its probative

value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of unfair prejudice, of confusing the issues, or of misleading the jury. In *Moorhouse v. Boeing Co.*, 501 F.Supp. 390 (E.D. Pa. 1980), aff'd without opinion 639 F.2d 774 (3rd Cir. 1980), an age discrimination plaintiff sought to introduce testimony by several other individuals whom defendant had allegedly discriminated against on the basis of age. The district court excluded the testimony, concluding that any relevance would have been outweighed by the confusion and prejudice it would create for the jury. The district court explained:

> Had the Court permitted each of the proposed witnesses to testify about the circumstances surrounding his own layoff, each, in essence, would have presented a prima facie case of age discrimination. Defendant then would have been placed in the position of either presenting the justification for each witnesses' layoff, or of allowing the testimony to stand unrebutted. This latter alternative, of course, would have had an obvious prejudicial impact on the jury's consideration of Moorhouse's case. To have pursued the former option, Defendants would have been forced, in effect, to try all six cases together with the attendant confusion and prejudice inherent in that situation.

*Id.* at 393.

Similarly, in *Haskell v. Kaman Corp.*, 743 F.2d 113 (2d Cir. 1984), a plaintiff attempted to substantiate his discrimination claims by introducing evidence of the employer's statements about other employees. The Court of Appeals held that the district court had erred in admitting such testimony, as such statements were irrelevant to the issue of whether that individual plaintiff was terminated on the basis of age. The appellate court also noted the substantial likelihood that such statements had prejudiced the jury. *Id.* at 120.

In the instant case, the minimal probative value of any evidence of alleged improper or discriminatory conduct towards other employees is substantially outweighed by the negative effects enumerated in Fed.R.Evid. 403. There is a strong likelihood that the introduction of such evidence

will in fact prejudice the jury in such a way that liability will be based on the evidence of the alleged acts towards other employees. Further, the admission of such evidence will certainly confuse the issues and mislead the jury by putting before them a set of facts which are not directly relevant to the issues in this case. The circumstances surrounding alleged unfair treatment of other employees will not be relevant to plaintiff's claims. Finally, evidence of this nature will certainly necessitate undue consumption of time during introduction of the evidence by plaintiff and the defense of the evidence by defendants. Such evidence in essence brings into court new cases that defendants must now defend and counter with proof that the claims of these other employees are not meritorious. Thus, this will become a series of mini-trials of the treatment of various other employees in addition to a trial of plaintiff's own individual allegations of retaliation. *See Palmer v. Board of Regents of the Univ. of Georgia Kennesaw State College,* 208 F.3d 969, 972 (11th Cir. 2000).

Further, character evidence is inadmissible to prove that a person acted in conformity with a specified character trait on a specific occasion. Fed.R.Evid. 404(a) provides that evidence of a person's character or a trait of his or her character is inadmissible when offered to prove his or her conduct on a specified occasion. Plaintiff's claims rest on the ability of plaintiff to prove that defendants retaliated against him. Under the Federal Rules of Evidence, any evidence of defendants' conduct toward other employees cannot be used to prove whether or not defendant discriminated against plaintiff. The only purpose for introducing evidence of the complaints of other employees would be to create in the minds of the jurors the impression that defendants are "bad", and therefore, that they retaliated against plaintiff in this case. Such evidence is inadmissible, and should be excluded pursuant to Fed.R.Evid. 404(b).

For the foregoing reasons, defendants respectfully request that this Court issue an order prohibiting plaintiff, his attorney and his witnesses from introducing, referring to or commenting in

any way on any evidence concerning defendants' alleged discrimination against other employees. The Court is further requested to direct plaintiff's counsel to caution, warn, and instruct plaintiff's witnesses not to make any reference to such evidence and to follow the same order.

### 2. Defendants move to exclude the admissibility of any testimony regarding statements made pursuant to plaintiff's official job responsibilities.

When a public employee makes statements pursuant to his official duties, he is not speaking as a citizen for First Amendment purposes and the Constitution does not insulate his communications from employer discipline. Defendants anticipate that plaintiff will attempt to connect, as he has done in prior filings and at his deposition, a communication he had with a reporter from the News Journal, conversations he had with the Director of Communications for New Castle County, and conversations regarding his allegiance to McAllister to his alleged failure to be promoted to sergeant.

However, the United States Supreme Court recently, in *Garcetti v. Ceballos*, 2006 WL 1458026 (U.S.), clarified that the First Amendment does not protect public employees with respect to statements made pursuant to their official duties.

In the instant case, plaintiff's statements were all statements made pursuant to his official duties and were not made as a private citizen for First Amendment purposes. Therefore, under *Garcetti*, he did not engage in a protected activity. As a result, plaintiff should be precluded from introducing evidence or testimony at trial regarding his communication with a reporter from the News Journal, conversations he had with the Director of Communications for New Castle County, and conversations regarding his allegiance to McAllister in support of his claim of retaliation.

> 3. **Defendants move to exclude the admissibility of evidence relating to any facts after June 29, 2005 the date of the alleged retaliation, including but not limited to any testimony regarding any contact with the Fraternal Order of Police and Sergeant promotions that took place after June 29, 2005 pursuant to Fed.R.Evid. 401, 402 and 403.**

Any events that occurred after June 29, 2005 would pertain to matters outside of the Complaint. Plaintiff should be precluded from admitting into evidence any facts after the alleged retaliatory action of June 29, 2005 in which the decision was made to fill only one Sergeant position for a total of thirty-six Sergeants the 2006 Fiscal Year. Plaintiff alleges in the Complaint that the decision was made in an effort to retaliate against him because of conversations he had with Cris Barish of the News Journal and Allison Taylor Levine, the former New Castle County Communications Director. Therefore, any evidence after the alleged retaliatory action occurred is irrelevant under Fed.R.Evid. 401 & 402.

Any evidence after June 29, 2005 should also be excluded under Fed.R.Evid. 403 which states evidence may be excluded if relevant but if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed.R.Evid. 403

The Complaint is the roadmap of the case. When plaintiff filed his initial Complaint, he listed the speech which he believed pertained to matters of public concern and therefore protected by the First Amendment. That speech is contained in paragraphs 15, 18, 19, 20, 21, 22, 23, 24, and 25 of the Complaint. Therefore, plaintiff should be precluded from introducing any other areas of speech. In signing the Complaint on behalf of his client, plaintiff's attorney represented to the Court, pursuant to Fed. R.Civ.P. 11, that the allegations contained in the Complaint were formed after a reasonable inquiry in to the circumstances and had factual

evidentiary support. In filing such a Complaint, plaintiff has caused the defendants to defend on the claims and allegations contained in the Complaint. Plaintiff knew from the outset of the Complaint what alleged speech he made that he considered to be protected by the First Amendment. To allow any additional events related to other speech to be presented at trial although may be relevant would substantially prejudice the defendants and therefore should be excluded in accordance with Fed.R.Evid. 403.

Moreover, any and all evidence regarding any Sergeant Promotions that occurred subsequent to June 29, 2005 are irrelevant under Fed.R.Evid. 401 and 402. Plaintiff's entire Complaint surrounds the decision on June 29, 2005 to have only a total of 36 Sergeant positions in the 2006 Fiscal Year. Plaintiff alleges that there should have been three Sergeant promotions made in the beginning of the 2006 Fiscal Year for a total of 38 Sergeants and that he would have been promoted at that time if there were 38 Sergeant positions. Therefore, any promotions made after that time in an effort to fill Sergeant positions due to attrition would be irrelevant because plaintiff has not alleged in his Complaint that he was entitled to be promoted at that time. Plaintiff did not attempt to amend the Complaint to include an additional claim of retaliation based on the failure of plaintiff to be subsequently promoted. Plaintiff only claims to have been retaliated against when a total of three Sergeant promotions were not made in the beginning of the 2006 Fiscal year. Defendants object to the admission of any evidence of claims which have not been alleged in the initial Complaint. In accordance with Fed.R.Evid. 403, the probative value of any evidence related to subsequent Sergeant promotions is substantially outweighed by the prejudice to the defendants as well as the extreme likelihood that the issues would be confused and the jury would be misled. *See Marvel v. Snyder,* 2003 WL 21051712 (D.Del) (Plaintiff was prohibited from introducing certain evidence because of the untimeliness of the

assertion of the claim and the unfair prejudice to the defendants because they would have been forced to defend against a charge after discovery had ended and soon before trial.)

For the foregoing reasons, defendants respectfully request that this Court issue an order prohibiting Plaintiff, his attorney and his witnesses from introducing, referring to or commenting in any way on any evidence after June 29, 2005. The Court is further requested to direct plaintiff's counsel to caution, warn and instruct plaintiff's witnesses not to make any reference to such evidence and to follow the same order.