## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **CORPORAL TRINIDAD NAVARRO,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **C.A. No. 05-565 (GMS)** |
| **v.** | : | |
| | : | **JURY TRIAL DEMANDED** |
| **CHRISTOPHER A. COONS,** | : | |
| **individually and in his official capacity;** | : | |
| **GUY H. SAPP, individually and in his** | : | |
| **official capacity; and NEW CASTLE** | : | |
| **COUNTY, a municipal corporation,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

_____/s/ Jeffrey K. Martin_____
Jeffrey K. Martin, Esquire (I.D. #2407)
Margolis Edelstein
1509 Gilpin Avenue
Wilmington, DE 19801
Attorney for Plaintiff

1

## TABLE OF CONTENTS

INTRODUCTION ....................................................................................................................1

EVIDENCE DEFINED ............................................................................................................3

DIRECT AND CIRCUMSTANTIAL EVIDENCE .......................................................................4

CONSIDERATION OF EVIDENCE ..........................................................................................5

STATEMENTS OF COUNSEL .................................................................................................6

CREDIBILITY OF WITNESSES .............................................................................................7

EXPERT TESTIMONY ..........................................................................................................8

NUMBER OF WITNESSES ....................................................................................................9

BURDEN OF PROOF; PREPONDERANCE OF THE EVIDENCE ............................................10

DAMAGES GENERALLY .....................................................................................................11

DAMAGES FOR MENTAL SUFFERING.................................................................................13

COMPENSATORY DAMAGES, LOST WAGES .....................................................................14

DELIBERATION AND VERDICT ..........................................................................................15

## INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

Each of you has been provided a copy of these instructions. You may read along as I deliver them if you prefer, however, I would encourage you to focus your attention on me while the instructions are being read. You will be able to take your copies with you into your deliberations and refer to them at that time, if necessary.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

I will explain the positions of the parties and the law you will apply in this case.

Finally, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

Members of the Jury, it is important that you bear in mind the distinction between your duties and my duties. You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. You are the sole judges of the facts. It is your judgment, and your judgment alone, to determine what the facts are, and nothing I have said or done during this trial was meant to influence your decisions about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, by a preponderance of the evidence, the New Castle County is liable.

Now, as far as my duty is concerned, I have the duty of advising you about the law that you should apply to the facts as you find them. You are not to consider whether the principles I state to you are sound or whether they accord with your own views about policy. You are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. You must accept the despite how you feel about their wisdom. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations to which the lawyers agreed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. The arguments of the lawyers are offered solely as an aid to help you in your determination of the facts. Their questions and objections are not evidence. My legal rulings are not evidence. My comments and questions are not evidence.

During the trial I may have not let you hear the answers to some of the questions the lawyers asked. I may also have ruled that you could not see some of the exhibits that the lawyers wanted you to see. You must completely ignore all of these things. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

You have heard the terms direct and circumstantial evidence.

Direct evidence is evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better than the other. You should consider all the evidence both direct and circumstantial, and give it whatever weight you believe it deserves.

4

## **CONSIDERATION OF EVIDENCE**

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably lead to a conclusion, you are free to reach that conclusion.

## STATEMENTS OF COUNSEL

A further word about statements and arguments of counsel. The attorneys' statements and arguments are not evidence. Instead, their statements and arguments are intended to help you review the evidence presented. If you remember the evidence differently from the attorneys, you should rely on your own recollection.

The role of attorneys is to zealously and effectively advance the claims of the parties they represent within the bounds of the law. An attorney may argue all reasonable conclusions from evidence in the record. It is not proper, however, for an attorney to state an opinion as to the truth or falsity of any testimony or evidence. What an attorney personally thinks or believes about the testimony or evidence in a case is not relevant, and you are instructed to disregard any personal opinion or belief concerning testimony or evidence that an attorney has offered during opening or closing statements, or at any other time during the course of the trial.

## CREDIBILITY OF WITNESSES

You are the sole judges of each witness's credibility. You should consider each witness' means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness' biases, prejudices, or interests; the witness' manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there is evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the testimony he or she gave at trial. You have the right to distrust such witness' testimony in other particulars and you may reject all or some of the testimony of that witness or give it such credibility as you may think it deserves.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth. People may tend to forget some things or remember other things inaccurately. If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

7

This instruction applies to all witnesses.

## **EXPERT TESTIMONY**

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business. This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience.

In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing testimony of any other witness. Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case.

## NUMBER OF WITNESSES

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

## BURDEN OF PROOF; PREPONDERANCE OF THE EVIDENCE

This is a civil case. Plaintiff Corporal Trinidad Navarro has the burden of proving his claims and damages by what is called a preponderance of the evidence. Proof by a preponderance of the evidence means proof that something is more likely true than not. It means certain evidence, when compared to the evidence opposed to it, has the more convincing force and makes you believe that something is more likely true than not.

Preponderance of the evidence does not depend on the number of witnesses. If the evidence as to a particular element or issue is evenly balanced, the party has not proved the element by a preponderance of the evidence and you must find against that party. In determining whether any fact has been proven by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of who called them and all exhibits received into evidence regardless of who produced them.

Those of you who are familiar with criminal cases will have heard the term proof beyond a reasonable doubt. That burden does not apply in a civil case and you should therefore put it out of your mind in considering whether or not Corporal Navarro has met his burden of proof on various issues.

## DAMAGES GENERALLY

PLAINTIFFS REQUESTED INSTRUCTION DAMAGES GENERALLY    I  now discuss the award of damages in this case.  I should say preliminarily that my instructions of damages are not to be intended as any indication by the Court as to whether damages should or should not be awarded in this case.  You must first determine the liability on the part of the New Castle County.  If you determine that New Castle County is liable for injuries and damages suffered by Corporal Navarro, you must then consider the instructions that I am about to give you.

The object and purpose of an award of damages in a civil action is a just, fair, and reasonable compensation for the harm and injury done in the past to a Plaintiff, and for the injury and damages he or she will suffer in the future.  Certain guiding principles of law with regard to these damages should be employed by you in arriving at the amount of your award.

One principle of law is that the damages to be recoverable must be provided with reasonable probability and not left to speculation.  Damages are termed speculative when there is a mere possibility rather than a reasonable probability that an injury or loss will occur or will exist in the future.  Certain guiding principles of law with regard to these damages should be employed by you in arriving at the amount of your award.

You must not allow any sympathy you might have or entertain for any of the parties in this case to influence you.  I do not charge you not to feel sympathy for the parties in this case.  I do charge you not to allow that sympathy to enter into your consideration of the case and to influence your verdict.

If you determine based on the evidence and on the instructions which I have given you, that New Castle County is liable to Corporal Navarro then you should award him such sums of money which will reasonably and fully compensate him for each of the following elements of damages:

1.    Such sum of money as will reasonably compensate him for the mental injuries suffered in the past.

2.    Such sum of money as will reasonably compensate him for any loss of earnings that you may decide that he has sustained in the past.

3.    Such sum of money as will reasonably compensate him for any pain and suffering which he will be forced to endure in the future as a result of the action of New Castle County.

4.    Finally, such sum of money as will reasonably compensate him for any lost future earnings or income which you may find he will suffer in the future.

## DAMAGES FOR MENTAL SUFFERING PLAINTIFFS REQUESTED

## INSTRUCTION DAMAGES FOR MENTAL SUFFERING

Probably the most difficult element of damages to assess is mental suffering. You are instructed that there is no set standard or yardstick to measure the monetary value of mental suffering, but you must use your common experience and good judgment in arriving at a sum of money which would reasonably compensate a Plaintiff for the mental suffering you find he has experienced in the past and that which you find he will experience in the future.

While Corporal Navarro carries the burden of proving his damages by a preponderance of the evidence, he is neither required nor permitted to claim and prove with mathematical precision exact sums of money representing damages for pain and suffering. It is required only that a Plaintiff furnish evidence of sufficient facts and circumstances to permit you, the jury, to make a probable estimate of those damages.

In evaluating mental suffering, you should look to the evidence and consider the length of time of suffering, whether it will continue into the future, and whether it was or will be continuous or intermittent.

The law does not prescribe any definite standard by which to compensate an injured person for pain and suffering, nor does it require that any witness should have expressed an opinion as to the amount of damages that would compensate for such injury. Your award should be just and reasonable in light of the evidence and sufficiently reasonable to compensate a Plaintiff.

13

## COMPENSATORY DAMAGES, LOST WAGES PLAINTIFFS REQUESTED
## INSTRUCTION COMPENSATORY DAMAGES, LOST WAGES

Another element of compensatory damages which you may consider is the lost wages suffered by a Plaintiff as a result of any wrongful actions, you have found to have been committed by the Defendants.

If you find that New Castle County is liable for Corporal Navarro's claim, you should include in your award a sum of money sufficient to compensate Corporal Navarro for any loss of earnings which he or she may have sustained in the past.

## DELIBERATION AND VERDICT

How you conduct your deliberations is up to you. But, however you conduct those deliberations, please remember that your verdict must represent the considered judgment of each juror.

It is your duty, as jurors, to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because the opinion of your fellow jurors, or for the purpose of returning a verdict. Remember at all times that you are not partisans. You are judges - judges of the facts, not me. Your sole interest is to seek the truth from the evidence in that case. In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form. You will then return to the courtroom, your foreperson will give the form to my Deputy Clerk and your verdict shall be announced.

It is proper to add the caution that nothing said in these instructions, and nothing in the form of a verdict, is meant to suggest or convey in any way or manner any intimation

15

as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

That concludes the part of my instructions explaining the rules for considering the testimony and evidence. Now let me finish up by explaining how you may communicate questions or messages to the court.

Once you start deliberating, do not talk to the Jury Officer, to my Deputy Clerk, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the Jury Officer. The question will be given to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages are normally sent to me through the foreperson, who by custom of this court is juror number 1.

One more thing about messages. Do not ever write down or tell anyone else how you stand on your votes. For example, do not write down or tell anyone else that you are split 6-2, or 4-4, or whatever your vote happens to be. That should stay secret until you are finished.

Let me finish by repeating something I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in favor of either party. You must decide the case yourselves based on the evidence presented.