IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORPORAL TRINIDAD NAVARRO, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 05-565 |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| CHRISTOPHER A. COONS, | : | |
| individually and in his official capacity; | : | |
| GUY H. SAPP, individually and in his | : | |
| official capacity; and NEW CASTLE | : | |
| COUNTY, a municipal corporation, | : | |
| | : | |
| Defendants. | : | |

### DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

### PARTIES

1.  Admitted in part denied in part. Defendants Christopher A. Coons, Guy H. Sapp and New Castle County (collectively "defendants") admit only that upon information and belief, plaintiff has been a resident of New Castle County Delaware since he began employment with New Castle County in September 1991, and that he currently resides at 7 McMahon Drive, Bear, DE 19701. Further admitted that he presently holds the rank of Corporal. The remaining allegations are denied.

2.  Admitted that Defendant Christopher A. Coons (hereinafter "County Executive Coons") is presently the County Executive of New Castle County, that he is subject to service at 87 Reads Way, New Castle, DE 19720, and that plaintiff purports to sue him in his individual and official capacities. Denied that County Executive Coons took retaliatory actions against Plaintiff or that he is liable to plaintiff in any way.

3.  Admitted only that Defendant Guy H. Sapp (hereinafter "Sapp") was the Director of Public Safety for New Castle County up until July 14, 2006, that prior to that time he was subject to service at 3601 N. DuPont Highway, New Castle, DE 19720, and that plaintiff

purports to sue him in his individual and official capacities. Denied that Sapp took retaliatory actions against plaintiff or that he is liable to plaintiff in any way.

4. Denied that Defendant New Castle County (hereinafter "the County") is a municipal corporation. To clarify, the County is a political subdivision of the State of Delaware duly organized under the laws of the State of Delaware. Admitted that the County is subject to service at 87 Reads Way, New Castle, DE 19720.

## JURISDICTION

5. The allegations contained in paragraph 5 of the Complaint state conclusions of law to which no response is required, and which therefore are denied. To the extent a response is deemed necessary, defendants admit that this Court has jurisdiction over the claims alleged in the Complaint. Defendants deny that they retaliated or violated any laws and deny that they are liable to plaintiff in any way.

## FACTUAL BACKGROUND

6. Admitted upon information and belief.

7. Admitted only that plaintiff was designated as the Public Information Officer ("PIO") with the New Castle County Police Department. The remaining allegations contained in paragraph 7 of the Complaint are denied as stated.

8. Admitted upon information and belief.

9. Admitted that a certified ranking list was established to rank each officer's overall score at the completion of the testing process, and that plaintiff received the rank of twelve (12) and that eleven (11) officers scored higher than him. The remaining allegations contained in paragraph 9 of the Complaint are denied.

10. Admitted only that the New Castle County Police Directives address promotions for police officers. Such duly adopted directives speak for themselves and as such, no response is required. To the extent a response to this allegation is deemed necessary, it is denied.

Admitted that in December 2004, Jamie Dolan, Michael Donovan, Domenick Gregory, Joseph Meriggi, Wayne Pennington, and Robert Schlecker were promoted from the certified list, that four vacant Sergeant positions were filled, and that two additional Sergeant positions were exchanged.

    11.    Denied as stated.

    12.    Denied as stated.

    13.    Admitted upon information and belief that since the last promotions in December 2004, three (3) Sergeants terminated their employment with the County, making available up to three (3) vacant positions. Defendants lack information and belief sufficient to answer the remaining allegations contained in paragraph 13 of the Complaint, and, therefore, deny such allegations.

    14.    Admitted that on or about May 16, 2005, plaintiff and certain officers met with the former Chief of Police, Colonel David F. McAllister (hereinafter "McAllister") and Sapp, and that there was a discussion of the current fiscal year budget limitations and expectations for the next fiscal year. The remaining allegations in paragraph 14 of the Complaint contain plaintiff's characterization of an alleged conversation between certain police officers, McAllister, and Sapp, to which no response is required. To the extent a response is deemed necessary, the remaining allegations are denied.

    15.    Admitted that on or about May 20, 2005, Marge Ellwein, President of the Fraternal Order of Police ("FOP") Lodge #5 submitted a memorandum to McAllister. The content of that memorandum speaks for itself and as such, no response is required. To the extent a response is deemed necessary, the allegation is denied.

    16.    Admitted that on or about June 27, 2005, McAllister wrote a memorandum to Sapp. The content of that memorandum speaks for itself and as such, no response is required. To the extent a response is deemed necessary, the allegation is denied.

17. Admitted only that Sapp and McAllister discussed Sergeant promotions on at least one occasion, and that McAllister advised Sapp that he intended to promote a black male, a Hispanic male, and a female from the current certified list. Defendants lack information and belief sufficient to answer the remaining allegations contained in paragraph 17 of the Complaint, and, therefore, deny such allegations.

18. Admitted only that McAllister notified Sapp of a telephone call from Cris Barrish. Defendants lack information sufficient to form a belief as to the allegations contained in paragraph 18 of the Complaint, and, therefore, deny such allegations.

19. Defendants lack information sufficient to form a belief as to the allegations contained in paragraph 19 of the Complaint, and, therefore, deny such allegations.

20. Defendants lack information sufficient to form a belief as to the allegations contained in paragraph 20 of the Complaint, and, therefore, deny such allegations.

21. Defendants lack information sufficient to form a belief as to the allegations contained in paragraph 21 of the Complaint, and, therefore, deny such allegations. To the extent plaintiff seeks to attribute any of Ms. Levine's remarks to defendants, the allegation is denied.

22. Defendants lack information sufficient to form a belief as to the allegations contained in paragraph 22 of the Complaint, and, therefore, deny such allegations.

23. Defendants lack information sufficient to form a belief as to the allegations contained in paragraph 23 of the Complaint, and, therefore, deny such allegations.

24. Defendants lack information sufficient to form a belief as to the allegations contained in paragraph 24 of the Complaint, and, therefore, deny such allegations. To the extent that plaintiff seeks to attribute any of Ms. Levine's remarks to defendants, the allegation is denied.

25. Defendants lack information sufficient to form a belief as to the allegations contained in paragraph 25 of the Complaint, and, therefore, deny such allegations.

26. Denied.

27. Admitted only that on or about June 29, 2005, Sapp wrote a memorandum to McAllister, with copies to the FOP Board of Directors and Officers Davies, Dunning, Feeser, Joseph, Trala, Treadwell and plaintiff. The content of that memorandum speaks for itself and as such, no response is required. To the extent a response is deemed necessary, the allegation is denied.

28. Admitted only that in the summer of 2005, one requisition was filled and John Treadwell was promoted to the rank of Sergeant. Further admitted that Sapp met with certain officers to discuss the status and prospect of Sergeant promotions. To the extent that paragraph 28 of the Complaint purports to characterize an alleged conversation between Sapp and these officers, no response is required. To the extent a response is deemed necessary, denied. The characterization of Sapp's authority as the former Director of Public Safety is also denied.

29. To the extent that paragraph 29 of the Complaint purports to characterize an alleged conversation between Sapp and plaintiff, no response is required. To the extent a response is deemed necessary, the allegation is denied.

## COUNT I
### (First Amendment – Free Speech Public Employee Retaliation)

30-40. No response is required to the allegations contained in paragraphs 30 through 40 of the Amended Complaint as the Court granted summary judgment on these claims on November 20, 2006. (D.I. 58)

## COUNT II
### (First Amendment – Political Association)

41. Defendants incorporate the responses to paragraphs 1 through 40 by reference as though fully set forth herein.

42. The allegations in paragraph 42 of the Complaint state conclusions of law to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

43. Denied.

44. Denied.

45. Admitted only that defendants are or were in positions of a higher level than plaintiff. To the extent that plaintiff attempts to allege any abuse of said positions, denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. The allegations in paragraph 50 of the Complaint state conclusions of law to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

## COUNT III
### (Retaliation – Failure to Promote)

51. Defendants incorporate the responses to paragraphs 1 through 50 by reference as though fully set forth herein.

52. The allegations in paragraph 52 of the Complaint state conclusions of law to which no response is required. To the extent a response is deemed necessary, the allegations are denied. Furthermore, the Court granted summary judgment on all claims relating to freedom of speech on November 20, 2006. (D.I. 58)

53. Denied.

54. Denied.

55.    The allegations in paragraph 55 of the Complaint state conclusions of law to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

56.    Denied.

57.    Denied. Defendants deny that plaintiff is entitled to any of the relief requested (items (a)-(k)) or any relief whatsoever.

Defendants deny any allegations which have not been specifically admitted.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff has failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in part, by failure to exhaust administrative remedies.

### Third Affirmative Defense

Plaintiff's claims may be barred by the applicable statutes of limitation.

### Fourth Affirmative Defense

Plaintiff's claims may be barred, in whole or in part, by failure to mitigate damages.

### Fifth Affirmative Defense

Plaintiffs' claims are barred against the individual defendants based on the doctrine of qualified immunity.

### Sixth Affirmative Defense

Plaintiff's claims may be barred, in whole or in part, by the doctrines of estoppel, waiver, laches and/or unclean hands.

### Seventh Affirmative Defense

Plaintiff's claims are barred in whole or in part because defendants had in effect at all relevant times, a procedure for employees to address claims of retaliatory treatment and

exercised reasonable care to prevent and properly correct any retaliatory treatment. Moreover, plaintiff unreasonably failed to take advantage of these preventive and corrective opportunities or to avoid harm otherwise.

### Eighth Affirmative Defense

Plaintiff's claims fail, in whole or in part, because at all times defendants made a good faith effort to comply with applicable law and acted lawfully and with legitimate and nonretaliatory business reasons.

### Ninth Affirmative Defense

Plaintiff's claims may be barred in whole or in part by the doctrine of sovereign immunity.

### Tenth Affirmative Defense

Plaintiff's claims are barred in whole or in part against New Castle County because it has no respondeat superior liability with respect to any of the alleged discriminatory and/or wrongful acts alleged and because there is no pattern or practice of retaliation.

### Eleventh Affirmative Defense

Plaintiff's claims may be barred in whole or in part to the extent that they are preempted by applicable federal or state law.

### Twelfth Affirmative Defense

Official defendants are immune from liability for punitive damages.

### Thirteenth Affirmative Defense

Defendants were not willful, wanton or malicious.

### Fourteenth Affirmative Defense

Plaintiff is barred from seeking injunctive relief.

Defendants preserve herein any and all other affirmative defenses that may become apparent during discovery or otherwise during the course of this case.

8

**WHEREFORE,** defendants respectfully request that this Court dismiss the Complaint with prejudice, enter judgment in favor of defendants, and award defendants reasonable attorneys fees, costs of suit and other such relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Michele D. Allen*
Michele D. Allen (I.D. # 4359),
Assistant County Attorney
Judith A. Hildick (I.D. # 3244),
First Assistant County Attorney
Megan Sanfrancesco (I.D. #3801),
First Assistant County Attorney
New Castle County Law Department
87 Reads Way
New Castle, DE 19707
(302) 395-5130
*Attorneys for Defendant New Castle County*

*/s/ Jeffrey S. Goddess*
Jeffrey S. Goddess, Esq. (I.D. # 630)
Rosenthal, Monhait & Goddess, P.A.
Suite 1401, 919 Market Street
P.O. Box 1070
Wilmington, DE 19899-1070
(302) 656-4433
*Attorney for Defendants Christopher A. Coons and Guy H. Sapp*

Dated: January 5, 2007