UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CORPORAL TRINIDAD NAVARRO,    :
    :
    Plaintiff,    :    C.A. No. 05-565 GMS
    :
    v.    :    JURY TRIAL DEMANDED
    :
CHRISTOPHER A. COONS,    :
individually and in his official capacity;    :
GUY H. SAPP, individually and in his    :
official capacity; and NEW CASTLE    :
COUNTY, a municipal corporation,    :
    :
    Defendants.    :

**DEFENDANTS, CHRISTOPHER A COONS, GUY H. SAPP AND NEW CASTLE COUNTY'S MOTION FOR SUMMARY JUDGMENT**

**EXHIBITS FILED UNDER SEAL**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

CORPORAL TRINIDAD NAVARRO,    :
    :
      Plaintiff,    :    C.A. No. 05-565 GMS
    :
      v.    :    JURY TRIAL DEMANDED
    :
CHRISTOPHER A. COONS,    :
individually and in his official capacity;    :
GUY H. SAPP[1], individually and in his    :
official capacity; and NEW CASTLE    :
COUNTY, a municipal corporation,    :
    :
      Defendants.    :

**OPENING BRIEF OF DEFENDANTS NEW CASTLE COUNTY, CHRISTOPHER A.**
**COONS AND GUY H. SAPP IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Michele D. Allen, Assistant County Attorney (#4359)
Judith A. Hildick, First Assistant County Attorney (#3244)
Megan Sanfrancesco, First Assistant County Attorney (#3801)
New Castle County Law Department
87 Reads Way
New Castle, DE 19720
(302) 395-5130
*Attorneys for New Castle County and Christopher A. Coons and E.*
*Ronald Frazier in their Official Capacities*

Jeffrey S. Goddess, Esq.(#630)
Rosenthal, Monhait & Goddess, P.A.
919 Market Street, Suite 1401
P.O. Box 1070
Wilmington, DE 19899
(302) 656-4433
*Attorney for Christopher A. Coons and Guy H. Sapp in their*
*Individual Capacities*

Dated:  May 4, 2007

---

[1]  Guy H. Sapp resigned from New Castle County on July 14, 2006.  Pursuant to Fed. R. Civ. P. 25(d)(1), E. Ronald Frazier, Mr. Sapp's successor, shall be automatically substituted as a party.

## TABLE OF CONTENTS

**PAGE**

Table of Contents ..................................................................................................i

Table of Citations ...............................................................................................iii

I.   NATURE AND STAGE OF THE PROCEEDINGS ......................................2

II.  SUMMARY
     ARGUMENT ..............................................................................................4
     ..........................................................................................................................
     ..........................................................................................................................

III. STATEMENT OF THE FACTS ..................................................................5

          A.  The Parties....................................................................................5

          B.  County Promotional Process .........................................................6

          C. 2004 Sergeant's Exam ...................................................................6

          D.  Plaintiff's Alleged Protected Conduct – Political Association. ...........7

          E.  Fiscal Year 2005 Budget and Available Sergeant Positions...............7

IV.      ARGUMENT ...........................................................................................10

     A.  Summary Judgment Standard .............................................................10

     B.  The Claims Against Coons And Sapp In Their Official Capacities Should
         Be Dismissed. ....................................................................................11

     C.  Political Discrimination Claims...........................................................11

         1.  Plaintiff worked in a capacity that did not require a political affiliation ..................12

         2.  Plaintiff's Did Not Engage In Protected Activity .......................................12

         3.  Even Assuming That Plaintiff Has Shown That He Engaged In
             Protected Activity, He Cannot Show That It Was A Motivating Factor
             In any Alleged Retaliation ...............................................................14

         4.  Defendants Would Have Taken The Same Action Absent Plaintiff's
             Allegedly Protected Conduct ...........................................................15

D.  The Section 1983 Claim Against The County Must Be Dismissed As It Seeks To Impose Liability Upon The County By Virtue Of *Respondeat Superior*..................................................................................................16

E.  The Individual Defendants Are Entitled To Qualified Immunity Against Plaintiff's Retaliation Claims ..........................................................................17

F.  Plaintiff's Request For Punitive Damages Against The County And Defendants Coons And Sapp Must Be Dismissed..............................................20

V.     CONCLUSION........................................................................................................21

## TABLE OF CITATIONS

### CASES

*Anderson v. Creighton,* 483 U.S. 635 (1987) ................................................................19

*Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986) ....................................................10

*Blickling v. Kent General Hosp., Inc.,* 872  F.Supp. 1299 (D.Del. 1994) ........................10

*Board of Cty. Commr's of Bryan County v. Brown,* 520 U.S. 397, 405 (1997) ...............17

*Branti v. Finkel,* 445 U.S. 507, 513 (1980).............................................................12,13

*Busey v. Board of County Cm'rs of County of Shawnee, Kansas,* 277 F.Supp. 2d 1095
(D.Kan. 2003) ...........................................................................................................14

*Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986) ......................................................10

*City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271 (1982) ..................................20

*Coleman v. Kaye,* 87 F.3d 1491, 149  7 (3d Cir. 1996) ..................................................20

*Correa v. Fischer,* 982 F.2d 931 (5th Cir. 1993) ......................................................13,14,1

*County Floors, Inc. v. Partnership Composed of Gepner and Ford,* 930 F.2d 1056,
1061 (3d Cir. 1991)...................................................................................................10

*Cuffeld v. Supreme Court of Pennsylvania,* 936 F.Supp.266, 277 (E.D.Pa. 1996)...........13,19

*Elrod v. Burns,* 427 U.S. 347, 360 (1976) ....................................................................12

*Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982) ...........................................................17

*Kentucky v. Graham,* 473 U.S. 159, 165 (1985)...........................................................11

*Leipziger v. Township of F alls,* 2001 WL 111611, at *9(E.D.P.a.)..................................20

*Lewis v. Delaware, 986 F.Supp 848, 854 (D.Del. 1997)* ...............................................11

*Marchese v. Ulmstead,* 110 F.Supp.2d 361, 373 (E.D.Pa. 2000) ...................................20

*Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587-88
(1986).....................................................................................................................10

*McLaughlin v. Watson,* 271 F.3d 566, 571 (3d Cir. 2001) ................................................18

*Monell v.Dept. of Social Services of the City of New York* , 436 U.S. 658, 694 (1978)...................11,16,1

*Mt. Healthy City Sch. Dist. Bd. Of Educ. v. Doyle* , 429 U.S. 274, 287 (1977)..............................12,15

*Robertson v. Fiore,* 62 F.3d 596, 599 (3d Cir. 1995) .......................................................11,12

*Rutan v. Republican Party,* 497 U.S. 62 (1990) ...........................................................12,13

*Saucier v. Katz,* 533 U.S. 194(2001) .....................................................................17,18,1

*Schneck v. Saucon Valley Sch.Dist.,* 340 F.Supp.2d 558, 568 (E.D.Pa. 2004)................................14

## FEDERAL STATUTES

42 U.S.C. §1983..............................................................................................2,16,20

## STATE STATUTES

9 *Del.C.* §1116 ..............................................................................................5

9 *Del.C.* §1121 ..............................................................................................6

## COUNTY STATUTES

N.C.C. § 2.05.201 ...........................................................................................5

N.C.C. § 26.03.501 ..........................................................................................6

N.C.C. § 26.03.505 ..........................................................................................6

## COUNTY ORDINANCES

New Castle County Ordinance No. 05-123 ....................................................................5

New Castle County Substitute No. 1 to Ordinance No. 05-038 .......................................8

Pursuant to Fed. R. Civ. P. 56(c), Defendants, New Castle County (hereinafter the "County"), Christopher A. Coons (hereinafter "Coons"), and Guy H. Sapp, (hereinafter "Sapp") submit the following in support of their Motion for Summary Judgment.

## I.    NATURE AND STAGE OF THE PROCEEDINGS

This case arises under 42 U.S.C. § 1983. Plaintiff Trinidad Navarro (hereinafter "Plaintiff"), a New Castle County police corporal, filed his Complaint on August 4, 2005, alleging First Amendment retaliation by Defendants Christopher Coons, Guy Sapp and New Castle County. On November 20, 2006, the Court orally granted Defendants' Motion for Summary Judgment. On the same date, the Court also granted Plaintiff's Motion to Amend the Complaint. The Amended Complaint was deemed to be filed as of November 20, 2006. The Amended Complaint alleges First Amendment – Political Association retaliation by Defendants Christopher Coons, Guy Sapp and New Castle County.

Although not clearly stated in the Amended Complaint, Plaintiff appears to contend that Defendants failed to promote him in retaliation for his political association with the "McAllister Team." Plaintiff alleges that the retaliatory action occurred when Defendants allegedly withheld budgeted sergeant positions which resulted in Plaintiff not receiving a promotion. Plaintiff alleges that the "McAllister Team" and its members were a rival political group. *See Amended Complaint generally* and ¶ 43. Plaintiff further alleges that his decision to remain on the "McAllister Team" and be loyal to his then chief was an act of political association protected by the First Amendment. *Id.* ¶ 42. Furthermore, Plaintiff alleges that the Defendants were in a position of power over Plaintiff and they attempted to use that power to intimidate Plaintiff into changing his political association and Plaintiff refused. *Id.* ¶ 46. Moreover, Plaintiff alleges that

his political association was a substantial motivating factor in the Defendant's decision to reduce the number of Sergeants being promoted in the 2006 fiscal year. *Id.* at ¶ 48.

Through discovery, it has become clear that Plaintiff has no factual basis for his claims. Therefore, Defendants move this Court to enter summary judgment in their favor and against Plaintiff on all counts of the Amended Complaint.[2]

---

[2] Count I of the Amended Complaint was voluntarily dismissed by Plaintiff at the November 20, 2006 hearing. Accordingly, only Counts I and II of the Amended Complaint remain.

## II.    SUMMARY OF ARGUMENT

1.    Defendants Coons and Sapp (Frazier) are entitled to summary judgment because the claims against them in their official capacities are duplicative of the municipal liability claims against the County.

2.    Defendants are entitled to summary judgment because Plaintiff did not engage in constitutionally protected conduct.

3.    Defendants are entitled to summary judgment because Plaintiff's allegedly protected conduct was not a "substantial" or "motivating" factor in Defendants' decisions.

4.    Defendants are entitled to summary judgment because Defendants would have taken the same actions absent the allegedly protected conduct.

5.    Defendant New Castle County is entitled to summary judgment because Plaintiff cannot sustain a claim of municipal liability by virtue of *respondeat superior*.

6.    Defendants Coons and Sapp, in their individual capacities, are entitled to summary judgment based upon qualified immunity.

7.    Defendants New Castle County, and Coons and Sapp are entitled to summary judgment on Plaintiff's claims for punitive damages.

## III.    STATEMENT OF FACTS

### A.    The Parties

Plaintiff began his employment with the County on September 30, 1991. *Trinidad Navarro Deposition ("Navarro Depo.") 13*.[3] He currently holds the position of Public Information Officer ("PIO") for the New Castle County Department of Public Safety (the "Department"). He has held that position since October 28, 1998. *Navarro Depo. 15*. As the PIO, Plaintiff's duties and responsibilities include promoting the Department and protecting it from negative press as well as informing the media of day to day operations, arrests and programs. *Navarro Depo. 21, 44*.

Defendant Coons is the County Executive of New Castle County. He was sworn in as County Executive of New Castle County and his new administration began on January 4, 2005. His duties are prescribed by state statute, 9 *Del. C.* §1116, as well as by various provisions of the County Code.

After a career which included service as Chief of Police for City of Wilmington Police Department and a Directorship with the State, Defendant Sapp was appointed Director of Public Safety for New Castle County and began employment with the County on April 18, 2005.[4] His duties and responsibilities are also prescribed by state statute and New Castle County Code Section 2.05.201.[5][6] When Sapp began his employment with the County, the

---

[3] Trinidad Navarro deposition excerpts are found at Exhibit A.
[4] As previously stated, Sapp resigned from the County on July 14, 2006. E. Ronald Frazier ("Frazier") is automatically substituted as his successor pursuant to Fed. R. Civ. P. 25(d)(1). Accordingly, all references to Sapp pertain only to individual claims.
[5] Relevant provisions of the New Castle County Code are found at Exhibit B.
[6] On November 30, 2005, County Council passed New Castle County Ordinance No. 05-123. Exhibit C. This ordinance established that the Police Department would be placed under the management of the Director of Public Safety. The ordinance further provides that the Chief of Police shall be supervised by the Director of Public Safety. *Id.*

former Chief Administrative Officer ("CAO")[7], David Singleton ("Singleton"), delegated, in part, his authority and responsibilities with respect to the Department of Public Safety to Sapp. *Guy Sapp Deposition[8] ("Sapp Depo.") 56; David Singleton Deposition[9] ("Singleton Depo.") 11,13.* The CAO was to be kept apprised of significant events within the Department. *Singleton Depo. 15.*

### B.    County Promotional Process

Directive 34 of the County Police Directives provides that the Chief of Police or his or her designee shall perform the function for promotions below the rank of captain and that all promotions shall be made from certified individuals on current promotional lists. Section 26.03.501 of the New Castle County Code provides that the filling of a vacancy requires a requisition signed by the Chief Human Resources Officer, the Chief Financial Officer and the Chief Administrative Officer. When a personnel requisition is received, Section § 26.03.505 provides that the Chief Human Resources Officer shall certify the top five (5) names from the promotional lists. *Exhibit B.* When multiple vacancies are to be filled from the same list, an additional name in rank order from the top of the list will be added. *Id.*

### C.    2004 Sergeant's Exam

Since 1996, Plaintiff has taken the sergeant's exam eight times. *Navarro Ranking Letters.*[10] However, from 1996 through 2004, only once had he scored well enough to be eligible for a promotion, and that was on the exam which was administered in the fall of 2004. *Amended Complaint ¶ 8, Navarro Depo. 185.* The exam consisted of a written examination

---

[7] The CAO's duties are prescribed by state statute, 9 *Del. C.* § 1121, as well as by various provisions of the County Code. At the time the instant suit was filed David Singleton was the CAO. Mr. Singleton retired from the County on July 14, 2006 and Jeffery Bullock is his successor.
[8] Guy Sapp deposition excerpts are found at Exhibit D.
[9] David Singleton deposition excerpts are found at Exhibit E.
[10] Letters from the New Castle County Human Resources Department regarding Plaintiff's ranking on previous Sergeant exams are found at Exhibit F.

and an oral board interview. *New Castle County Police Directive 34.*[11] Each portion of the exam was weighted 47.5 percent and 5 percent was awarded based upon seniority. *Id.* On December 1, 2004, the results of the 2004 Police Sergeant's Eligible List (hereinafter "the eligible list") were certified by the Chief of Police and the Human Resources Officer. The eligible list was effective and valid for one year. *2004 Eligible List.*[12] Plaintiff was ranked twelfth on the eligible list. *Id.*

### D.     Plaintiff's Alleged Protected Conduct – Political Association

In his Amended Complaint, Plaintiff alleges that his decision to remain on the "McAllister team" and be loyal to his chief was an act of political association protected by the First Amendment. *Amended Complaint* ¶ 42. In support of these allegations, Plaintiff relies solely on the facts he initially pled in his original Complaint. However, all of the facts initially plead in the Complaint relate to Plaintiff's speech. As previously stated, Plaintiff withdrew his free speech claim. Therefore, Plaintiff has not offered any specific facts to support his freedom of association claim, other than a blanket statement that he was on the "McAllister team".

### E.     Fiscal Year 2005 Budget and Available Sergeant Positions

In Fiscal Year ("FY") 2005, running from July 1, 2004 until June 30, 2005, there were 36 recommended sergeant positions. *Sapp Depo. 44.* In December 2004, McAllister promoted four people to the rank of sergeant for a total of 36 Sergeants, just prior to the changing of County administrations. *New Castle County Position Requisition Forms.*[13] Additionally, McAllister traded in police officer positions in order to over promote two sergeant positions, which were also filled in December. *Sapp Depo. 44, 45; David McAllister*

---

[11] New Castle County Police Directive 34 is found at Exhibit G.
[12] The 2004 Police Sergeant's Eligible List is found at Exhibit H.
[13] All New Castle County Requisition Forms for promotions to sergeant are found at Exhibit I.

Deposition ("McAllister Depo") 70.[14]  McAllister was able to do that because under the

County system, the number of sergeant positions or any other ranked positions may be

changed based upon staffing needs of the Department at any time without the approval of

County Council ("Council") as long as the funds to pay for all positions are within the

Department's budget. *Sapp Depo. 44.*  Council, in adopting the budget, does not actually

approve a specific number of positions, in any rank; rather, Council adopts an operating

budget with a total number of authorized positions and a line item amount for salaries and

wages. *Singleton Depo. 54; New Castle County substitute No. 1 to Ordinance No. 05-038.*[15]

Therefore, the number of positions in any rank is not something voted on by Council and does

not become part of the Annual Operating Budget for New Castle County. *Id.*  Moreover, the

only fiscal control is that designated by the County Code. *See Section B, supra.*

    For the next fiscal year (FY 2006, which began July 1, 2005) 38 sergeant positions had

been recommended in the budget.  However, the need for two additional sergeants was

questionable based on the fact that the budget had reduced the number of patrol officers and

there was concern about making any promotions due to a $500,000 deficit in the police

budget as well as concern for the authorized strength within each of the ranks in the

Department. *Sapp Depo. 45, 52.*  Sapp continued to hear from both internal and external

sources that the need in the Police Department was for patrol officers rather than supervisors.

*Sapp Depo. 45.*  The general populace and senior County officials had also expressed concern

about the need for patrol officers. *Christopher Coons Deposition ("Coons Depo.") 21.*[16]

Sapp had also talked with Singleton about this need during the first two to three months of his

tenure. *Sapp Depo. 45.*  Additionally, a study was commissioned to analyze, among other

---

[14] David McAllister deposition excerpts are found at Exhibit J.
[15] New Castle County Sub. No. 1 to Ord. No. 05-038 is found at Exhibit K.
[16] Christopher Coons Deposition excerpts are found at Exhibit L.

things, the authorized strength of the Department and the strength within each of the ranks of the Department. *Sapp Depo. 45.* Moreover, the FOP questioned the need for the two additional sergeant positions in a May 20, 2005 memorandum.[17] The FOP suggested that the one vacant sergeant position be filled for a total of 36 sergeants and then determine the level of service being provided and whether or not there is a need for additional sergeants. *Id.* In light of all this information, Sapp's original intention regarding sergeant staffing began to change. *Sapp Depo. 47.*

On June 27, 2005, McAllister sent a memo to Sapp requesting that three requisitions be released for sergeant positions. *June 27, 2005 McAllister Memorandum.*[18] In response to this request, Sapp met with Singleton on June 29, 2005, to discuss whether or not additional requisitions for sergeant should be released. *Sapp Depo. 49.* During the meeting, Sapp recommended to Singleton that the requisitions not be released because there was a greater need for patrol officers on the street than additional supervisory sergeant positions and Singleton concurred with his recommendation. *Sapp Depo. 47, 50.* Later that day, Sapp sent a memo stating that the staffing requirements of the Police Department had been reviewed, and it was determined that the need to maintain patrol strength was more critical than the need for sergeants, and that therefore, the two requisitions for the sergeants positions would not be released. *June 29, 2005 Sapp Memorandum.*[19] Coons was not involved in this decision. *Coons Depo. 32, 45-46.*

On August 2, 2005, when one requisition was released, McAllister promoted John Treadwell ("Treadwell") to sergeant. At the time of this promotion, Plaintiff was not eligible to be promoted because he was not ranked high enough on the eligible list. *Exhibit H.*

---

[17] The May 20, 2005 Memorandum from the FOP is found at Exhibit M.
[18] The June 27, 2005 Memorandum regarding Position Requisitions is found at Exhibit N.
[19] The June 29, 2005 Sapp Memorandum is found at Exhibit O.

## IV.    ARGUMENT

### A.    <u>Summary Judgment Standard</u>

Summary judgment should be entered for the Defendants because all material facts have

been presented, there is no genuine issue as to any material fact, and they are entitled to

judgment as a matter of law.  Fed. R. Civ. P. 56(c).  *See Matsushita Electrical Industrial Co.,*

*Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587-88 (1986).

On a motion for summary judgment, "the moving party bears the initial burden of

showing – that is, point out to the court that there is an absence of evidence to support the non-

moving party's case."  *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).  "The moving party is

not required to negate the non-movant's claim, but instead must only point out the lack of

evidence supporting the non-movant's claim." *County Floors, Inc. v. Partnership Composed of*

*Gepner and Ford,* 930 F.2d 1056, 1061 (3d Cir. 1991); *Blickling v. Kent General Hosp., Inc.,*

872 F. Supp. 1299 (D.Del. 1994).

Once the moving party meets their burden, the non-moving party "may not rest upon the

mere allegations or denials of his pleading." *Anderson v. Liberty Lobby,* 477 U.S. 242, 248

(1986).  The non-moving party instead "must set forth specific facts showing that there is a

genuine issue for trial." *Matsushita,* 475 U.S. at 587.  Factual disputes that are irrelevant or

unnecessary will not be counted. *Anderson,* 477 U.S. at 248.  The mere existence of a scintilla of

evidence in support of the non-moving party will not prevent the grant of a motion for summary

judgment; there must be enough evidence to enable a jury to reasonably find for the non-moving

party on that issue.  *Id.* at 249.  Mere speculation or conjecture by the non-moving party clearly

cannot preclude the granting of summary judgment.

For the reasons set forth herein, when viewed in the light most favorable to the plaintiff, the undisputed facts establish that New Castle County, Coons and Sapp are entitled to summary judgment.

**B.    The Claims Against Coons And Sapp In Their Official Capacities Should Be Dismissed**

As previously stated, under Fed. R. Civ. P. 25(d)(1), "in suits filed against an officer in an official capacity in which the named official ceases to hold office, an automatic substitution of the successor is provided for." *Lewis v. Delaware*, 986 F.Supp 848, 854 (D. Del. 1997) (citing Fed. R. Civ. P. 25(d)(1)). Therefore, because Frazier is now the Director of Public Safety within the Department of Public Safety, he is automatically substituted for Sapp as the proper party to the Amended Complaint relative to official capacity claims, and there can be no official capacity claims against Sapp.

Moreover, the official capacity claims against Defendants Coons and Sapp (Frazier) must be dismissed because they are duplicative of the municipal liability claims asserted against the County. Suits against government officials in their official capacities are equivalent to suits against the government entity itself. *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 690 n. 55 (1978). *See also Kentucky v. Graham*, 473 U.S. 159, 165 (1985)("official capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent."). Therefore, the allegations against Defendants Coons and Sapp in their official capacities should be dismissed.

**C.    Political Discrimination Claims**

To make out a prima facie case of political discrimination, a plaintiff must first show that he worked for a public agency in a position that does not require a political affiliation. *See Robertson v. Fiore*, 62 F.3d 596, 599 (3d Cir.1995). Second, he must show that he engaged in

constitutionally protected conduct. *Id.* Lastly, plaintiff must prove that his conduct was a substantial or motivating factor in the government's employment decision. Once the plaintiff has satisfied the foregoing criteria, the defendant may defeat plaintiff's claim by proving, by a preponderance of the evidence, that the same employment action would have been taken even in the absence of the protected activity. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977).

### 1.    Plaintiff worked in a capacity that did not require a political affiliation.

It is not disputed that Plaintiff is a public employee and that he worked in a position that does not require political affiliation.

### 2.    Plaintiff did not Engage in Protected Activity

Plaintiff claims that his membership on the "McAllister team," a so-called rival political group, and his loyalty to McAllister, warrant First Amendment protection. *Amended Complaint at ¶* 42-43. Plaintiff's purported acts of loyalty to McAllister consisted of following McAllister's orders to withhold media information from Allison Taylor Levine (hereinafter "Levine"), the former Communications Director for Coons, even though plaintiff had been asked several times to keep Levine informed of certain media releases. *Id.* 287, 290. Neither Plaintiff's membership on the "McAllister team" nor his loyalty to McAllister are protected by the First Amendment.

The First Amendment protects public employees from discrimination based upon their political beliefs, affiliation, or non affiliation, unless their work requires political allegiance. *See Rutan v. Republican Party of Illinois*, 497 U.S. 62, 68-69 (1990); *Branti v. Finkel*, 445 U.S. 507, 513 (1980). The right to associate with a political party and/or candidate is a recognized and protected activity. *Elrod v. Burns*, 427 U.S. 347, 360 (1976). The constitutionally protected

right to associate generally involves membership in a particular political party[20] or support of a particular party or candidate. *Cuffeld v. Supreme Court of Pennsylvania,* 936 F. Supp. 266, 277 (E.D. Dist. Pa. 1996).

Preliminarily, the "McAllister team" is not a political party as contemplated by the definition of a political party.[21] *See* FN 20. Moreover, plaintiff has not alleged any political acts of association with McAllister like those traditionally at issue in traditional political patronage cases. *See generally Rutan* and *Branti.* For example, the "McAllister team" did not associate as a group. *Navarro Depo. 286.* They did not promote or seek to accomplish elections or appointments to public office, positions or jobs. *Id. 286-287.* The "McAllister team" did not make any political endorsements, and McAllister was not a political candidate at any time relevant to the Complaint. *Navarro Depo. 286-287.*Rather, the "McAllister team" is simply a group of individuals whom the plaintiff believed defendants perceived to be close and loyal to McAllister. *Id. at 284-285.*

Additionally, perceived political loyalty to a former County employee is not a protected act of association. In *Correa v. Fischer,* 982 F.2d 931 (5th Cir. 1993 ) the Court upheld a newly installed county attorney's discharge of a predecessor's office staff and dismissed plaintiff's First Amendment claim finding that termination on the grounds of disloyalty or incompatibility does not violate the First Amendment. The Court ruled that the rivalry between the two county attorneys was personal and not political, and that the staffs' loyalty to the former county attorney

---

[20]   A political party is "an association of individuals whose primary purposes are to promote or accomplish elections or appointments to public offices, positions, or jobs. A committee, association, or organization which accepts contributions or makes expenditures for the purpose of influencing or attempting to influence the election of presidential or vice presidential electors or any individual  whose name is presented for election to any federal, state or local elective public office, whether or not such individual is elected." *Blacks Law Dictionary* 1159 (6th ed.1990).
[21]   Plaintiff did not make any financial contributions to the candidates in the 2004 Election for County Executive. *Id.* 282. He attended one political event at the Chamber of Commerce, but he did not wear any campaign paraphernalia during the event or specifically show support for any particular candidate. *Id.* Other than the Chamber of Commerce event, Plaintiff does not recall attending any other political functions, rallies, speeches, or fire hall dinners for either the 2004 County Election for County Executive.

was not the kind of political loyalty the First Amendment protected. *Id.* at 935. Similarly, in

*Busey v. Board of County Com'rs of County of Shawnee, Kansas,* 277 F. Supp. 2d 1095 (D. Kan.

2003), a former sheriff's deputy claimed that he was terminated due to his loyalty to the recently

ousted sheriff. The *Busey* court granted summary judgment, finding that this type of loyalty was

not protected by the First Amendment:

> In order to survive summary judgment, [plaintiff] must make a showing that a
> causal connection exists linking defendants' adverse employment decision to
> [plaintiff's] politics—that is, [plaintiff] must demonstrate that he was subjected to
> discrimination based on *his* political loyalty, affiliation or views. (citation
> omitted). Merely alleging that he had an undefined association with a politically
> controversial third party falls short of this requirement.

*Busey,* 277 F.Supp. 2d at 1110. Like the plaintiffs' claims in *Correa* and *Busey,* plaintiff's

loyalty to McAllister is not protected by the First Amendment, and his claim must fail as a matter

of law.

> **3.     Even Assuming That Plaintiff Has Shown That He Engaged In
>         Protected Activity, He Cannot Show That It Was A Motivating Factor
>         In Any Alleged Retaliation**

To get beyond the summary judgment stage, Plaintiff must produce enough evidence for

a reasonable jury to conclude that his association with the "McAllister Team", to the extent it is

protected under the First Amendment, was a motivating factor in the decision not to authorize

requisitions that would increase the number of sergeant positions to 38. Even if the Court were

to find that Plaintiff engaged in protected activity, a determination of whether that protected

activity was a substantial or motivating factor in the alleged retaliatory action involves "two

distinct inquiries: 'did the defendants take an action adverse to the public employee, and, if so,

was the motivation for the action to retaliate against the employee for the protected activity.'"

*Schneck v. Saucon Valley Sch. Dist.,* 340 F. Supp. 2d 558, 568 (E.D. Pa. 2004)(*citation omitted*).

Assuming for summary judgment purposes that Plaintiff not getting promoted to sergeant as a

result of Sapp's decision regarding the requisitions for sergeant constitutes an adverse

employment action, Plaintiff nevertheless cannot show that Defendants acted because of

Plaintiff's association with the "McAllister team"

There is no evidence of any retaliatory animus on the part of Defendants underlying the

decision not to authorize requisitions that would increase the number of sergeant positions to 38.

It should be noted that Plaintiff does not allege, nor does the evidence support, any inference that

Coons took *any* actions with respect to Plaintiff, the requisition process, or his promotion.

With respect to Defendant Sapp, Plaintiff appears to allege that Sapp decided not to

recommend the at-issue requisitions because of his protected activities. However, Plaintiff's

activities are not protected under the First Amendment in the first place. Even if they were,

Sapp's recommendation regarding the requisitions was influenced by the concern for the budget

in terms of the operating deficit, as well as the need for more patrol officers on the street versus

the need for supervisors. Therefore, this claim must fail.

### 4. Defendants would have taken the same action absent Plaintiff's allegedly protected conduct.

Summary judgment may be granted to Defendants if they can show "by a preponderance

of the evidence that [they] would have reached the same decision even in the absence of the

[alleged] protected conduct." *Mt. Healthy*, 429 U.S. at 287. In this case, the number of sergeant

positions would have remained at 36 regardless of Plaintiff's association with the "McAllister

team". Sapp and Singleton determined after serious consideration and evaluation of staffing

needs and budget deficits, that there was a greater need for patrol strength rather than supervisors

and therefore they would not release the requisitions for the two additional sergeant positions in

the 2006 fiscal year. *Sapp Depo. 45-50, Coons Depo. 20, 21.*[22] At the time the decision was made, Coons was not involved in such decisions. *Coons Depo. 45-46.* Sapp's recommendation was entirely consistent with those expected from public servants and no reasonable juror could find otherwise. He made the recommendation while taking into consideration the needs of the Department in terms of patrol strength – a decision which would in turn affect the entire County.

**D.    The Section 1983 Claim Against The County Must Be Dismissed As It Seeks To Impose Liability Upon The County By Virtue Of *Respondeat Superior*.**

Plaintiff's Amended Complaint alleges that the County should be liable under 42 U.S.C. § 1983 for the alleged constitutional torts of its employees, Coons and Sapp. (*See generally Amended Complaint*) In fact, when describing the parties, Plaintiff simply refers to the County's municipal status and its ability to be served, whereas he alleges that Coons and Sapp are being sued because of their retaliatory actions against him. *Amended Complaint* ¶ 2-4.

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State. . ., subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

42 U.S.C. § 1983. A municipality such as New Castle County, however, cannot be held liable under § 1983 on *respondeat superior* theories for the alleged unconstitutional acts of its employees. *See Monell*, 436 U.S. at 694. Rather, a municipality can only be held responsible when an official policy or custom of the municipality itself, whether made by lawmakers or those whose acts can fairly be said to represent official policy, causes a Plaintiff's injury. *Id.* The Supreme Court has reaffirmed that "rigorous standards of culpability and causation must be

---

[22] The police budget for fiscal year 2007, which runs from July 1, 2006 until June 30, 2007, reduces the number of sergeant positions back down to 36 to appropriately reflect staffing needs for sergeants.

applied to ensure that the municipality is not held liable solely for the actions of the employee."
*Board of Cty. Commr's of Bryan County v. Brown*, 520 U.S. 397, 405 (1997).

Plaintiff simply asserts that Defendants refused to promote Plaintiff to sergeant and that this action caused him injury. *See Complaint generally* and ¶ 35-36, 43, 45. Plaintiff has not alleged, nor does the record indicate, any evidence of any official County policy or custom that caused any injury to Plaintiff. Without more, the County cannot be liable.

### E.    The Individual Defendants Are Entitled To Qualified Immunity Against Plaintiff's Retaliation Claims.

Even if the actions taken by Coons and Sapp could be found to be retaliatory against Plaintiff, Defendants are entitled to the defense of qualified immunity for governmental officials. (Fifth Affirmative Defense; D.I. 80.)

As demonstrated above, Plaintiff's effort to characterize this case as an action for political retaliation cannot create a legitimate claim to get beyond summary judgment and dismissal of the individual Defendants on qualified immunity grounds is warranted.

As the Supreme Court remarked in one of its early decisions when crafting the doctrine, "[g]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct *does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.*" *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (emphasis. added). As more recently enunciated by the Supreme Court in *Saucier v. Katz*, 533 U.S. 194 (2001), there is a two-part test for determining whether qualified immunity applies. A court first must determine whether the facts, when taken in a light most favorable to the plaintiff, are sufficient to show that the individual government defendant violated a constitutional right; second, even if a constitutional violation can be made out, nonetheless qualified immunity still protects the individual defendants unless the right allegedly

violated was "clearly established" at the time the defendant acted, such that a reasonable official would have known it. 533 U.S. at 201. "Clearly established rights" in this sense "are those with contours sufficiently clear that a reasonable official would understand that what he is doing violates that right." *McLaughlin v. Watson*, 271 F.3d 566, 571 (3d Cir. 2001).

Plaintiff's claim fails the first part of the *Saucier* test. Plaintiff has neither pled nor developed a *prima facie* case that the individual Defendants, Coons and Sapp, violated his constitutional right of political association. As to Coons, the Amended Complaint contains no allegations that he took any actions with respect to Plaintiff's hoped-for promotion, let alone actions of an unconstitutional dimension, and there are no facts in the record that show that Coons was in any way responsible for Plaintiff's failure to be promoted to sergeant. These deficiencies are particularly striking in as much as Defendants noted the same deficiencies back when this case sought to charge a violation of plaintiff's free speech, before amendment of the complaint and reopening of discovery. (*Opening Brief of Defendants;* July 17, 2006) (D.I. 59 at p. 28). Since *respondeat superior* and vicarious liability are never proper bases for individual civil rights liability, *See Monell, supra*, and given the absence of any facts showing personal involvement by Coons, the claim against him must be dismissed.

Sapp's involvement relative to the 2005 sergeant promotions is extremely limited. On June 29, 2005, he recommended filling only one of three promotional requisitions. Unfortunately for Plaintiff and others, this had the effect of putting promotion beyond Plaintiff's reach, given his ranking on the eligibility list. The record shows that Sapp's actions in this regard had nothing to do with Navarro or his self-proclaimed loyalty to McAllister. Rather, his decision was based on police staffing and budgetary considerations.

Undeniably, the new administration had concerns regarding the Department. Indeed, at the start of the new administration, two of the last three police chiefs had been indicted and the third arrested, so these concerns were reasonable. *Navarro Depo.* 305-306. In the new administration's effort to oversee the Department, Levine instructed Navarro to alert her of certain media contacts. However, McAllister ordered Navarro not to report such contacts to the new administration. (*Navarro Depo.* 54-55; 307-309.) Any issues that arose as a result of these conflicts were necessitated by managerial style, not by political motives and certainly not of constitutional dimensions.

As discussed above, decisions such as *Correa*, *supra* and *Cuffeld*, *supra* establish that friendship and loyalty to a supervisor who, in turn, had close connections to politicians is not enough to invoke "political association" and place under constitutional suspicion any personnel and management decision which an employees finds disagreeable. It is the function of the merit system to insure that hiring, firing and promotional opportunities are administered fairly and evenhandedly.

However, assuming *arguendo* that the Plaintiff did present a *prima facie* claim under prong one of *Saucier* against Coons and Sapp, qualified immunity must still be granted based upon prong two of *Saucier,* which requires that the actions of the individual defendants must have violated a "<u>clearly established</u>" constitutional right of the Plaintiff. In reviewing such conduct, the Court must look at both the law and the facts and determine not only whether the legal principle was clearly established, but also whether the defendant's conduct, given the particular facts and circumstances, was plainly proscribed by the established principles. *Anderson v. Creighton*, 483 U.S. 635 (1987).

In the instant case, there was insufficient precedent at the time of the alleged retaliatory actions by Coons and Sapp to put them on notice that their alleged conduct was constitutionally prohibited.  In fact, neither defendant could have been on notice regarding the protected parameters of First Amendment political association because there was nothing inherently political between Plaintiff and McAllister.  Hence, there is no basis for them to remain in this case and face personal liability for late-pled allegations as to which the element of "political affiliation," is far from being "clearly established" remains nonexistent.  Accordingly, Coons and Sapp are entitled to qualified immunity.

F.    **Plaintiff's Request for Punitive Damages Against the County and Defendants Coons and Sapp Must be Dismissed.**

To the extent that Plaintiff seeks punitive damages against the County for alleged violations of § 1983, a municipality cannot be held liable for a claim for punitive damages brought under § 1983.  *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1982); *Marchese v. Ulmstead*, 110 F.Supp.2d 361, 373 (E.D.Pa. 2000).  Similarly, punitive damages are not available against municipal officials in their official capacities under § 1983.  *See Leipziger v. Township of Falls,* 2001 WL 111611, at *9 (E.D.Pa.).  Accordingly, Plaintiff's claims for punitive damages against the County and Defendants Coons and Sapp (Frazier) in their official capacities must be dismissed as a matter of law.

Similarly, to the extent that Plaintiff attempts to assert claims for punitive damages against Coons or Sapp in their individual capacities, those claims should also be dismissed.  Punitive damages may be awarded under 42 U.S.C. § 1983 "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involved reckless or callous indifference to the federally protected rights of others."  *Coleman v. Kaye*, 87 F.3d 1491, 1497 (3d Cir. 1996)(*citation omitted*).  However, the record does not reflect any evidence that Coons

acted at all with respect to the conduct complained of, or that Coons or Sapp acted with any reckless or evil motive or intent sufficient to enable a jury to award punitive damages. Therefore, this claim must be dismissed.

## V.    CONCLUSION

For the aforementioned reasons, the County, and Defendants Christopher A. Coons and Guy H. Sapp, in their individual and official capacities, respectfully request that Plaintiff's claims against them be dismissed.

Respectfully submitted,

/s/ Michele D. Allen
Michele D. Allen, Assistant County Attorney (#4359)
Judith A. Hildick, First Assistant County Attorney (#3244)
Megan Sanfrancesco, First Assistant County Attorney (#3801)
New Castle County Law Department
87 Reads Way
New Castle, DE 19720
(302) 395-5130
*Attorneys for New Castle County and Christopher A. Coons and E. Ronald Frazier in their Official Capacities*

and

/s/ Jeffrey S. Goddess
Jeffrey S. Goddess, Esq.(#630)
Rosenthal, Monhait & Goddess, P.A.
919 Market Street, Suite 1401
P.O. Box 1070
Wilmington, DE 19899
*Attorney for Christopher A. Coons and Guy H. Sapp in their Individual Capacities*

Dated: May 4, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORPORAL TRINIDAD NAVARRO, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 05-565 GMS |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| CHRISTOPHER A. COONS, | : | |
| individually and in his official capacity; | : | |
| GUY H. SAPP, individually and in his | : | |
| official capacity; and NEW CASTLE | : | |
| COUNTY, a municipal corporation, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

AND NOW this                day of                                , 2007, it is hereby

ORDERED AND DECREED that Defendants' Christopher A. Coons, Guy H. Sapp and New

Castle County's Motion for Summary Judgment is GRANTED.

_____
J.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORPORAL TRINIDAD NAVARRO, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 05-565 GMS |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| CHRISTOPHER A. COONS, | : | |
| individually and in his official capacity; | : | |
| GUY H. SAPP, individually and in his | : | |
| official capacity; and NEW CASTLE | : | |
| COUNTY, a municipal corporation, | : | |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Michele D. Allen, Assistant County Attorney hereby certify that on May 4, 2007, I electronically filed the foregoing Defendants' Motion for Summary Judgment and Opening Brief in Support thereof with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Jeffrey K. Martin, Esquire
Margolis Edelstein
1509 Gilpin Avenue
Wilmington, DE 19806

Jeffrey S. Goddess, Esquire
Rosenthal, Monhait, Gross & Goddess
919 Market Street, Suite 1401
P.O. Box 1070
Wilmington, DE 19899-1070

   /s/   *Michele D. Allen*
MICHELE D. ALLEN,
Assistant County Attorney
(Delaware Bar No. 4359)
New Castle County Law Department
87 Reads Way
New Castle, DE 19720
Telephone: (302)395-5130