# EXHIBIT P

Case 1:05-cv-00565-GMS   Document 86-17   Filed 05/04/2007   Page 1 of 11

Not Reported in F.Supp.2d, 2001 WL 111611 (E.D.Pa.)

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania.
Robert LEIPZIGER and Rob's Automotive & Collision Center, Inc.
v.
TOWNSHIP OF FALLS, et al.
No. CIV.A. 00-1147.
Feb. 1, 2001.

*MEMORANDUM AND ORDER*

BECHTLE.

*1 Presently before the court are defendants the Township of Falls, *et al.*'s (collectively "Defendants") Motion to Dismiss Plaintiffs' Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) or, Alternatively, Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56; [FN1] plaintiffs Robert Leipziger's and Rob's Automotive & Collision Center, Inc.'s (collectively "Plaintiffs") Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56; the memoranda in support of said motions and the responses thereto. For the reasons set forth below, the court will grant the motions in part and deny them in part.

> FN1. Because Defendants have submitted evidence beyond the pleadings that the court will consider, the court will treat Defendants' motion as a motion for summary judgment.

I. *BACKGROUND*

Plaintiffs Robert Leipziger ("Leipziger") and Rob's Automotive & Collision Center, Inc. ("Rob's Automotive") brought suit under 42 U.S.C. § 1983 and Pennsylvania common law, alleging that Defendants violated Plaintiffs' constitutional and contractual rights by removing Rob's Automotive from the Township of Falls' ("Township") list of approved towing companies. (Pls.' Mem. of Law in Supp. of Mot. for Summ. J. ("Pls.' Mot. for Summ. J.") at 1.) Specifically, Plaintiffs assert causes of action for violations of due process (Counts I & II) and equal protection (Count III), as well as pendent state causes of action for breach of contract (Count V) and tortious interference with contract (Count VI). Plaintiffs also seek punitive damages (Count IV). [FN2]

> FN2. The parties have stipulated that the proper party-plaintiff in this action is Rob's Automotive, and not Leipziger, the company's sole shareholder. *See* Defs.' Mot. to Dismiss Pls.' Compl. Pursuant to Fed.R.Civ.P. 12(b)(1) and (6) or, Alternatively, Mot. for Summ. J. Pursuant to Fed.R.Civ.P. 56 ("Defs.' Mot. for Summ. J.") Ex. H at 13-16; *see also Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1278 (3d Cir.1994) (holding that individual shareholders have no standing to sue under § 1983 for injury to corporation); *Kelly v. Thomas,* 234 Pa. 419, 83 A. 307 (Pa.1912) (holding that shareholder has no standing to assert cause of action for injuries to corporation); *Kehr Packages v. Fidelity Bank, N.A.,* 710 A.2d 1169, 1176 (Pa.Super.1998) (same). Accordingly, summary judgment will be entered in favor of Defendants on all claims asserted by Leipziger.

Defendants include: the Township; Township Manager Wayne Bergman ("Bergman"); Phillip A. Szupka, William Dayton, and Richard Otto, who are current members of the Township's Board of Supervisors ("Board"); and former Board member James P. Rhein.[FN3] (Defs.' Mot. for Summ. J. at 2.)

> FN3. Szupka, Dayton, Otto and Rhein will be referred to collectively as the "Supervisors."

To facilitate the free flow of traffic, the Township uses a list of "licensed" towing companies to call when disabled vehicles need to be removed from streets. (Defs.' Mem. of Law in Supp. of Defs.' Answer to Pls.' Mot. for Summ. J. ("Defs.' Resp.") at 2.) There are a maximum of seven companies on the list at any one time. Township of Falls Code § 206-3(B). The towers are put on a rotating schedule, and the Township may call only towers on the list to perform removal services. Id. § 206-3(A). However, a vehicle owner still has the right to select any tower, regardless of whether it is on the list. Id. § 206-12.

The ordinance establishes a specific procedure for appointment to the list. This procedure requires public notice of a vacancy, solicitation of applications, qualification of the applicants, and a lottery among eligible participants. Id. § 206-15. To determine whether an applicant meets the eligibility requirements, which include having a registered place of business within the Township and a minimum amount of storage space, the police are required to investigate an applicant within 5 days of receiving an application. Id. § 206-6. The Board appoints a selected applicant to the list by amendment to the ordinance.

Once awarded, a license continues annually so long as the licensee fulfills all of the requirements of the original application. Id. § 206-15. A tower can only be removed from the list upon 10 days written notice and a hearing at which the Township Manager finds as a fact that the tower committed a disqualifying offense enumerated under § 206-11. Id. § 206-11.

*2 Certain facts are not disputed. From 1992 through 1999, Leipziger submitted applications on behalf of Rob's Automotive. (Pls.' Mot. for Summ. J. at 1.) On November 10, 1999, the Board finally approved Leipziger's application and placed Rob's Automotive on the list. Id. at 1-2. Defendant supervisors Otto and Rhein were absent from that meeting, although Rhein supported Rob's Automotive's appointment. (Defs.' Resp. at 3-4.) Later that year, a new Board was elected. (Pls.' Mot. for Summ. J. at 2.) On January 3, 2000, the new Board held a meeting at which it voted 4-1 to remove Rob's Automotive from the towing list. Id.; Defs.' Resp. at 3-4. Dayton, Szupka, Otto and Rhein were the supervisors who voted for removal.FN4 (Defs.' Resp. at 4.)

> FN4. Dayton and Szupka took office on January 3, 2000, and thus did not participate in the November 1999 appointment of Rob's Automotive to the list. Id.

All parties acknowledge that the removal procedure set forth by the ordinance was not followed. (Pls.' Mot. for Summ. J. at 2; Defs.' Resp. at 3.) For example, there was: no public notice; no ten days notice and hearing provided to Rob's Automotive; no solicitation of applications; no qualification of applicants; no lottery; and no ordinance amendment advertised and adopted. (Pls.' Mot. for Summ. J. at 2; Defs.' Resp. at 3.) Rob's Automotive asserts, and Defendants concede, that it was not removed because it violated a provision of the ordinance. Rather, Rob's Automotive was removed because the former Board did not follow proper procedures when it placed Rob's Automotive on the list. (Pls.' Mot. for Summ. J. at 3; Defs.' Resp. at 4-5.)

Defendants argue that the action of the prior "lame-duck" Board was an improper attempt to control the new Board, and that this action was a nullity because proper procedures were not followed. (Defs.' Resp. at 9.) They assert that there was no vacancy on the list when Rob's Automotive was appointed and that Rob's Automotive does not meet the ordinance's standards. Id. at 11. Defendants contend that the current vacancy will be filled at the conclusion of this litigation by following the procedures set forth in the ordinance, and that Rob's Automotive is free to apply for inclusion. Id. at 5, 9, & 12. Lastly, they argue that the former board never received a completed application from Rob's Automotive or Leipziger in November 1999 or conducted the requisite investigation of Rob's Automotive.FN5 Id. at 5-8.

> FN5. Although Defendants assert that the police did not investigate Rob's Automotive because they never received a completed application, they admit that the Township maintains no central filing system for these applications and keeps no updated list of potential applicants. (Defs.' Resp. at 8.)

Rob's Automotive contends that a proper application was submitted prior to the November 1999 Board meeting. (Pls.' Mot. for Summ. J. at 4.) It asserts that it meets all of the standards set forth by the ordinance, that all but one of the towers currently on the list do not meet those standards, and that there has been an ongoing pattern of discrimination against it. *Id.* at 6-8. Accordingly, Rob's Automotive requests an order of summary judgment on the due process and equal protection claims. *Id.* at 8-9. Rob's Automotive suggests that if summary judgment on these claims is granted in its favor, then it should be ordered back on the list and the issues remaining to be litigated would be an assessment of damages. *Id.* at 9.

## II. *LEGAL STANDARD*

**\*3** Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A factual dispute is material only if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Whether a genuine issue of material fact is presented will be determined by asking if "a reasonable jury could return a verdict for the non-moving party." *Id.* In considering a motion for summary judgment, "[i]nferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of N. Am., Inc.,* 974 F.2d 1358, 1363 (3d Cir.1992) (citation omitted).

## III. *DISCUSSION*

Rob's Automotive claims that the Board's actions violated the due process and equal protection guarantees of the Fourteenth Amendment, as well as state common law. Defendants assert defenses based on, *inter alia,* absence of a constitutionally protected interest, absolute immunity, qualified immunity, sovereign immunity, the statute of limitations, and absence of a contract. FN6 The court will address Rob's Automotive's claims and the Township's and Supervisors' defenses seriatim.

> FN6. Defendants also assert that because Rob's Automotive failed to pursue established state procedure for challenging local government decisions, its claim is not ripe and the court lacks subject matter jurisdiction. Specifically, Defendants point out that Rob's Automotive has not filed an appeal in the Court of Common Pleas or otherwise made any effort to obtain review or reconsideration of the January 3, 2000 decision. (Defs.' Mot. to Dismiss at 16.) However, the cases cited by Defendants in support of this argument either concern the narrow issue of regulatory takings or do not address ripeness at all. In the absence of citation to contrary authority, the court concludes that the Township's decision to remove Rob's Automotive from the towing list was a sufficient final action to make the instant dispute ripe, regardless of whether Rob's Automotive pursued state remedies for its federal claims. *See McNeese v. Bd. of Educ.,* 373 U.S. 668, 671, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963) and *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) (setting forth general rule that relief under § 1983 may not be defeated because relief was not first sought under state law).

### A. *Plaintiffs' Due Process and Equal Protection Claims*

The Civil Rights Act provides civil redress for plaintiffs injured by persons or entities acting under color of state law in violation of the Constitution or laws of the United States. 42 U.S.C. § 1983. To prevail on a § 1983 claim, Rob's Automotive must prove that: (1) Defendants acted under color of state law; (2) depriving Rob's Automotive of a right secured by federal law; and (3) damages. *Samerik v. City of Philadelphia,* 142 F.3d 582, 590 (3d Cir.1998); *Kelly v. Borough of Sayreville,* 107 F.3d 1073, 1077 (3d Cir.1997); *Mark v. Borough of Hatboro,* 51 F.3d 1137, 1141 (3d Cir.1995).

It is undisputed that Defendants acted under color of state law in taking every action that is relevant to the instant dispute.FN7 However, Defendants contend that Rob's Automotive has suffered no constitutional

deprivation.

> FN7. As an initial matter, the court concludes that no cause of action lies against defendant Bergman. His only involvement in the relevant events was writing the letter that informed Rob's Automotive of the Board's decision to remove it from the list. He had no role in the Board's decision or the actual removal of Rob's Automotive. Plaintiffs cite no authority for the proposition that a public official's mere act of informing someone of the actions taken by a public body of which he is not a member, even if those actions are unconstitutional, can give rise to a cause of action under § 1983. Accordingly, summary judgment will be entered in favor of defendant Bergman. For the remainder of the court's opinion, the term "Defendants" will refer to all named defendants except Bergman.

### 1. Substantive Due Process

"Substantive due process refers to and protects federal rights." *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 141 (3d Cir.2000) (citations omitted). To prevail on his substantive due process claim, a plaintiff must first establish that he has "a protected property interest to which the Fourteenth Amendment's due process protection applies." *Id.* at 139 (citations omitted). Although it is settled that state-created property interests are entitled to protection under procedural due process, "not all property interests worthy of procedural due process protection are protected by the concept of substantive due process." *Id.* (internal quotations and citations omitted). Accordingly, to state a substantive due process claim, a plaintiff must have been deprived of "a particular quality of property interest." *Id.* (quotations and citations omitted). "[W]hether a certain property interest embodies this particular quality ... depends on whether that interest is fundamental under the United States Constitution." *Id.* (quotations and citations omitted).

As Defendants point out, it is unclear whether Rob's Automotive is asserting a substantive due process claim. (Defs.' Resp. at 10.) Additionally, Rob's Automotive cites no authority for the proposition that a mere license to tow disabled vehicles falls within the narrow definition of a fundamental property interest. *See, e.g., Nicholas*, 227 F.3d at 142-43 (holding that public employment not fundamental property interest for purpose of substantive due process); *Homar v. Gilbert*, 63 F.Supp.2d 559 (M.D.Pa.1999) (loss of service contract does not warrant substantive due process protection); *Holt Cargo Systems, Inc. v. Delaware River Port Auth.*, 20 F.Supp.2d 803 (E.D.Pa.1998) (loss of customers, profits, bids or breach of lease do not constitute substantive due process claims). Thus, to the extent that Rob's Automotive asserts such a claim, the court will grant Defendants' motion for summary judgment.

### 2. Procedural Due Process

**\*4** The Due Process Clause provides that no state shall "deprive any person of life, liberty, or property, without due process of law." To establish a cause of action for a violation of procedural due process, a plaintiff must prove that a person acting under color of state law deprived him of a protected interest and that the state procedure for challenging the deprivation does not satisfy the requirements for procedural due process. *Homan v. City of Reading*, 15 F.Supp.2d 696, 699 (E.D.Pa.1998) (" *Homan II* ") (citing *Midnight Sessions, Ltd. v. City of Philadelphia*, 945 F.2d 667, 680 (3d Cir.1991)). A property interest protected by the due process clause results from a "legitimate claim of entitlement created by an independent source such as state law." *Id.* (citing *Midnight Sessions, Ltd.*, 945 F.2d at 679). If such a property interest is deprived, due process requires notice and a meaningful opportunity to be heard. *Id.* (citing *Midnight Sessions, Ltd.*, 945 F.2d at 680).

The license issued to Rob's Automotive is clearly an entitlement warranting the protections of procedural due process. As the Supreme Court noted with regard to a driver's license in *Bell v. Burson*:

> Once licenses are issued ... their continued possession may become essential in the pursuit of a livelihood. Suspension of issued licenses thus involves state action that adjudicates important interests of the licensees. In such cases the licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment.

*Bell*, 402 U.S. 535, 539, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971) (citations omitted). As far as this court is aware, every federal court that has addressed the instant question-whether a rotational towing list established pursuant to a state statute or local ordinance creates a property right entitling the licensee to due process protection-has answered in the affirmative. *Pritchett v. Alford*, 973 F.2d 307, 317 (4th Cir.1992); *Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1232 (10th Cir.1990); *Crownhart v. Thorp*, Civ. No. 92-20227, 1992 WL 332298, at *2-3 (N.D.Ill.1992); *Gregg v. Lawson*, 732 F.Supp. 849, 853 (E.D.Tenn.1989)); see also *Henson v. City of Syracuse*, 559 N.Y.S.2d 1064, 1066 (N.Y.Sup.Ct.1990) (towing company had protected property interest in continuing to have name on rotational towing list so as to have Fourteenth Amendment due process right to pre-removal hearing).

Defendants cite *Garner v. Township of Wrightstown* for the proposition that it is not clearly established that there is a protected property right to be included on a towing list. *Garner*, 819 F.Supp. 435 (E.D.Pa.1993). In *Garner*, the court found that the plaintiff tower did not have a constitutionally protected property right in an *informal* towing agreement with the township. *Id.* at 444. In the absence of a formal license, Judge Brody stated that at most, termination of the informal agreement could give rise to a claim for breach. *Id.* However, she opined that had the plaintiff's state salvor's license been revoked, she "would be inclined to agree that *Bell* would apply." *Id.* Thus *Garner* supports the proposition that the formal licensing system adopted by the Township's ordinance in the instant case created an entitlement warranting due process protection.

***5** Defendants, rather interestingly, contend that Rob's Automotive's claims are insupportable *because* the former Board never properly appointed it to the list. (Defs.' Resp. at 4-5.) Thus, Defendants claim that because Rob's Automotive was never properly appointed, the procedures for removal set forth in the ordinance never came into effect. *Id.*

This argument is meritless.[FN8] Once Rob's Automotive was put on the list, it had a protected property interest entitling it to a pre-removal hearing. Whether the Board followed proper procedures in appointing Rob's Automotive is irrelevant to the issue of whether a pre-removal hearing was required. The Township appears to have recognized the need for such a hearing by providing for a removal hearing in the ordinance. If the Township believes that the proper procedures were not followed in appointing Rob's Automotive to the list, that issue should have been addressed at a pre-removal hearing after notice to Rob's Automotive and an opportunity for it to present objections. Accordingly, Rob's Automotive has demonstrated that the Defendants violated its procedural due process rights. The court will address Defendants' immunity defenses *infra.*

> FN8. If the court were to accept Defendants' argument, the Township could purposefully fail to follow proper appointment procedures in order to ensure that it need not provide any type of procedure whatsoever when removing a tower from the list. Such a result would be ludicrous.

### 3. Equal Protection

"The Equal Protection Clause prevents governments from making *improper* classifications and from applying proper classifications in such a way as to indicate that improper classifications are being drawn in the administrative process." *Mohammed v. Mathog*, 635 F.Supp. 748, 752 (E.D.Mich.1986). A plaintiff who asserts an equal protection claim based on selective enforcement of the law must show that: (1) the plaintiff, compared with others similarly situated, was selectively treated; and (2) the selective treatment was motivated by an intent to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person. *Homan II*, 15 F.Supp.2d at 702 (citations omitted). Each prong of the test is to be applied separately and "failure to satisfy either inquiry [is] fatal to the plaintiff's claim." *Id.* (citations omitted); see *Anderson v. Douglas County*, 4 F.3d 574, 577 (8th Cir.1993) (party claiming equal protection violation must establish that it is "similarly situated" to other applicants for the license, permit or other benefit being sought, particularly with respect to same time period); *Mohammed*, 635 F.Supp. at 752 (dismissing equal protection claim for failure to allege that discrimination infringed fundamental right or was based on improper criteria such as race, age, sex, national origin, religion, or disability). A demonstration that persons similarly situated were treated differently does not, without more, establish malice or bad faith. *Crowley v. Courville*, 76 F.3d 47, 53 (2d Cir.1996).

As an initial matter, Rob's Automotive alleges and presents some evidence that other similarly situated towers were treated differently. For example, Rob's Automotive contends that all but one of the listed towers fails to meet the ordinance's qualifications. See Pls.' Mot. for Summ. J. at 6 (citing as support testimony by Leipziger, Harkins, Bergmen and Dillon).

**\*6** Even assuming, *arguendo,* that this contention is true, Defendants are entitled to summary judgment on the equal protection claim. Rob's Automotive has neither alleged nor proffered any evidence indicating that the Board's treatment of it infringed a fundamental right or was based on an impermissible criteria such as race, religion, or ethnicity. Furthermore, there is no evidence that the Board's action was motivated by a malicious or bad faith intent to injure Rob's Automotive or Leipziger. All of the Supervisors testified that they did not know Leipziger or Rob's Automotive and thus had no motivation to injure either of them. (Defs.' Mot. for Summ. J. at 23-24 & Exs. A-F.) Furthermore, Leipziger testified that he does not know any of the Supervisors personally and that none of them expressed personal animosity toward him or his company. *Id.* Ex. H. Also, the court can discern no pattern of discrimination in the evidence presented. Thus, despite Rob's Automotive's assertions that it should be permitted to present evidence of damages from the Board's "refusal to grant [it] the equal protection of the law" arising from the ongoing refusal to put it on the list, Rob's Automotive will not be entitled to damages from any actions by the Board except those related to its removal from the list.[FN9] Accordingly, the court will grant summary judgment in favor of Defendants on Rob's Automotive's equal protection claim.

> FN9. Defendants also argue that Plaintiffs' claims extending back to 1991 are barred because "the applicable statute of limitations, by reference to the closest analogous state cause of action, should be two years." See Defs.' Mot. for Summ. J at 25 (citing *Aitchison v. Raffiani,* 708 F.2d 96 (3d Cir.1983)). However, Defendants do not indicate what the closest analogous state cause of action is or cite any specific statute of limitations. Furthermore, the case cited by Defendants, *Aitchison,* applied New Jersey law, rather than Pennsylvania law, to determine whether a § 1983 claim was time-barred. *Aitchison,* 96 F.2d at 100-03. Because of the lack of clarity with which this argument is put forth, the court cannot rely on it as a basis to grant summary judgement in favor of Defendants.

### B. *Contract Claims: Breach and Tortious Interference*

Rob's Automotive asserts that it offered to provide towing service to the Township for years, that in November 1999 the Township accepted its offer and a contract was entered into, the terms of which were outlined in the Township ordinance. (Pls.' Mot. for Summ. J. at 17.) According to Plaintiff, the removal of Rob's Automotive from the towing list without just cause and a hearing breached the contract. *Id.* Defendants assert that there was no contract. (Defs.' Resp. at 24.)

The court must address three factors in determining whether a contract exists under Pennsylvania law: (1) whether both parties manifested an intention to be bound by the agreement; (2) whether the terms of the agreement are sufficiently definite to be enforced; and (3) whether there was consideration. *Atacs Corp. v. Trans World Comms., Inc.,* 155 F.3d 659, 666 (3d Cir.1998). Furthermore, to prevail on a tortious interference with contract claim, a plaintiff must prove: (1) an existing contractual relationship between the plaintiff and a third-party; (2) that the defendant interfered with the contract by inducing a breach or otherwise causing the third-party not to perform; (3) that the interference was not privileged; (3) and that the plaintiff suffered actual harm or damage as a result of the defendant's actions. *AL Hamilton Contracting Co. v. Cowder,* 434 Pa.Super. 491, 644 A.2d 188, 191 (Pa.Super.1994). The element of threshold importance is intent to harm the plaintiff. *Prudential Ins. Co. of Am. v. Stella,* 994 F.Supp. 318, 322 (E.D.Pa.1998).

Rob's Automotive cites no authority in support of its argument that a contract is formed through a licensing procedure such as the one established by the Township. Furthermore, the court finds it unlikely that a Pennsylvania court would find that a contractual relationship existed between Rob's Automotive and the Township. For example, it does not appear that either party was "bound" to perform. The listed towers were not obligated to respond to calls, and the Township does not appear to have been obligated by anything but its own ordinance to call the towers on the list. Therefore there was no intent to be bound and no

consideration. Rob's Automotive does not claim that there was any oral or written agreement between it and the Township. (Defs.' Mot. for Summ. J. Ex. H.) Thus, the court concludes that no contract existed between the Township and Rob's Automotive. Accordingly, Defendant's motion will be granted to the extent that it seeks summary judgment on the contract and tortious interference with contract claims.

### C. Defendants' Assertions of Immunity

**\*7** The Supervisors assert that they are entitled (1) to absolute immunity because removal of Rob's Automotive was a legislative act; or at least (2) to qualified immunity because their conduct did not violate clearly established constitutional rights. The Township argues that sovereign immunity shields it from suit. Because summary judgment will be granted in favor of Defendants on the substantive due process, equal protection, breach of contract and tortious interference with contract claims, the court need only address immunity from suit on the procedural due process claim.

#### 1. Absolute Immunity

It is generally understood that local government bodies are given a combination of proprietary, managerial and legislative powers. *Ryan v. Burlington County,* 889 F.2d 1286, 1290 (3d Cir.1989). However, members of such bodies enjoy absolute immunity only with respect to the legislative powers delegated to them by the state legislature. *Id.* (citing *Aitchison,* 708 F.2d 96; *Donivan v. Dallastown Borough,* 835 F.2d 486 (3d Cir.1987)).

For legislative immunity to apply, the relevant act must: (1) be legislative in character, i.e., an act involving a policy making decision of a general scope; and (2) accord with constitutionally accepted procedures of enacting legislation. *Id.* at 1290-91.

The act of removing Rob's Automotive from the towing list is clearly not legislative in nature. It did not affect any tower except for Rob's Automotive, and thus cannot be said to involve a policy making decision of general scope. *See id.* at 1291 (stating that "[w]here the decision affects a small number or a single individual, the legislative power is not implicated, and the act takes on the nature of administration"). Accordingly, the Supervisors are not entitled to absolute immunity.

#### 2. Qualified Immunity

**\*8** Governmental officials performing discretionary functions are generally shielded from liability for civil damages where their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Sherwood v. Mulvihill,* 113 F.3d 396, 398-99 (3d Cir.1997). Officials who reasonably but mistakenly conclude that their conduct comports with constitutional requirements are entitled to immunity. *Sharrar v. Felsing,* 128 F.3d 810, 826 (3d Cir.1997) (quoting *Hunter v. Bryant,* 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991)).

The court concludes that the Supervisors cannot avail themselves of the defense of qualified immunity. In so holding, the court finds the reasoning of *Pritchett v. Alford* instructive. *Pritchett,* 973 F.2d 307. In *Pritchett,* the Fourth Circuit addressed the almost identical situation of a local governmental official removing a tower from a government towing list, and began its analysis of qualified immunity by stating that:

any competent official in his position should know that before state created property rights may be cut off by officials such as he, their owner must, to the extent possible, be given, at a minimum, notice and an opportunity to be heard why they should not be; that such property right can exist not only in land and personalty, but in government-provided benefits firmly enough grounded in law to constitute entitlements rather than mere expectations or desires; and that any such benefits having economic value may therefore constitute property rights subject to procedural due process protections.

*Id.* at 317. The court went on to reject the defendant's argument that even if the state-created benefit of

being on the towing list is a protected property right under these principles, that exact point was not established at the time of the due process violation. *Id.* (noting that soon after violation, at least two federal courts specifically recognized property right in being on state-prescribed wrecker service list). In doing so, it noted that a specific prior adjudication of a right is not necessary to make it "clearly established" for qualified immunity purposes. *Id.* Thus, the court stated that:

any reasonably competent official in [the defendant's] position charged, as they would be, with knowing the general due process principles above outlined, must also be charged with making the obvious application of those principles to the facts of this case. That being on the list was a benefit having economic value was manifest.... That being on it by virtue of this state regulatory regime insured that it was a legally enforceable entitlement rather than a mere unilateral expectation was also manifest to any reasonably competent official charged with knowledge, as they must be, of the regulatory regime they were required to enforce.

*Id.* The court concluded, as a matter of law, that the defendant was not entitled to qualified immunity. *Id.* at 318.

**\*9** In the instant case, the Supervisors must also be charged with knowledge of these general due process principles and the ability to apply them to the circumstances surrounding the removal of Rob's Automotive from the towing list. Furthermore, at the time of the removal of Rob's Automotive from the list, a number of courts had specifically recognized that being on a towing list or "wrecker list" created pursuant to state or local law is a protected property right under established due process principles. *Crownhart,* 1992 WL 332298, at \*2-3; *Pritchett,* 973 F.2d at 317; *Abercrombie,* 896 F.2d at 1232; *Gregg,* 732 F.Supp. at 853; *Henson,* 559 N.Y.S.2d at 1066. Thus, Rob's Automotive's right to due procedures before removal from the towing list was a clearly established right of which any official in the position of the Supervisors would have known. Accordingly, the Supervisors are not entitled to qualified immunity.

### 3. Sovereign Immunity

The Township asserts that the Pennsylvania Political Subdivision Tort Claims Act ("Tort Claims Act") provides no exception for the act complained of in this case. 42 Pa.C.S.A. § 8501 *et seq.* This argument has no merit if it is asserted as a defense to the due process claim.

Pennsylvania's Tort claims act is simply irrelevant to the Township's liability under § 1983. First, a municipal corporation cannot be immunized from § 1983 liability by state law. *Howlett v. Rose,* 496 U.S. 356, 376 & 383, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990). Second, a local government can be sued under § 1983 if the action that is alleged to be unconstitutional implements "a policy, statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The action of removing Rob's Automotive from the towing list clearly constitutes a decision officially adopted by the Township's officers. Accordingly, the Township is not entitled to sovereign immunity.

Summary judgment will be entered in favor of Rob's Automotive against the Township and the Supervisors on the procedural due process claim.

### D. *Punitive Damages*

Punitive and exemplary damages are not available under § 1983 against a municipality or against local officials in their official capacity. *City of Newport v. Fact Concerts,* 453 U.S. 247, 271, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981); *Agresta v. Good,* 797 F.Supp. 399, 410 (E.D.Pa.1992). Thus, Defendants' motion will be granted to the extent that it seeks to preclude punitive damages against the Township and the Supervisors in their official capacity.

Punitive damages are available against a defendant in his individual capacity. *Agresta,* 797 F.Supp. at 410 (citing *Smith v. Wade,* 461 U.S. 30, 51, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983)). However, punitive damages must be reserved for cases in which the defendant's conduct amounts to something more than a violation justifying compensatory damages or injunctive relief. *Keenan v. Philadelphia,* 983 F.2d 459, 470 (3d

Cir.1992); *Cochetti v. Desmond,* 572 F.2d 102, 106 (3d Cir.1973). Punitive damages are available in a § 1983 case only in special circumstances, such as when the defendant's conduct amounts to reckless or callous disregard of the federally guaranteed rights of others. *Savarese v. Agriss,* 883 F.2d 1194, 1203-05 (3d Cir.1989). It is not necessary that the conduct be intentional or motivated by an evil motive. *Id.* at 1204.

**\*10** Although it appears to the court that evidence weighs against an award of punitive damages, because it has been demonstrated that the Supervisor Defendants violated a clearly established constitutional right that reasonable officials in their position should have known, there is a genuine issue of material fact as to whether these defendants acted with reckless or callous disregard to the federally protected rights of Rob's Automotive. Accordingly, Defendants' motion will be denied to the extent that it seeks summary judgment on the issue of the Supervisors' individual liability for punitive damages.

## IV. CONCLUSION

For the reasons set forth above, summary judgment will be entered: (1) in favor of all Defendants on all claims asserted by plaintiff Leipziger; (2) in favor of defendant Bergman on all counts; (3) in favor of the Township and Supervisors and against Rob's Automotive on the substantive due process, equal protection, breach of contract and tortious interference with contract claims; (4) in favor of Rob's Automotive and against the Township and the Supervisors on the procedural due process claim; (5) in favor of the Township and against Rob's Automotive on the punitive damages claim; and (6) in favor of the Supervisors and against Rob's Automotive on the punitive damages claim to the extent that it is asserted against the Supervisors in their official capacity. Defendants' motion will be denied to the extent that it seeks summary judgment in favor of the Supervisors, in their individual capacities, on the punitive damages claim. The claims remaining to be litigated are an assessment of compensatory damages against the Township and the Supervisors for the due process violation, and consideration of Rob's Automotive's punitive damages claim against the Supervisors.

An appropriate Order follows.

## ORDER

AND NOW, TO WIT, this 1st day of February, 2001, upon consideration of defendants the Township of Falls, *et al.*'s Motion to Dismiss Plaintiffs' Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) or, Alternatively, Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56; plaintiffs Robert Leipziger's and Rob's Automotive & Collision Center, Inc.'s Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56; the memoranda in support of said motions and the responses thereto, IT IS ORDERED that summary judgment is entered:

1. in favor of all defendants on all claims asserted by plaintiff Leipziger;

**\*11** 2. in favor of defendant Wayne Bergman on all counts;

3. in favor of defendants Township of Falls, Phillip A. Szupka, William Dayton, Richard Otto and James P. Rhein and against Rob's Automotive & Collision Center, Inc. on the substantive due process, equal protection, breach of contract and tortious interference with contract claims;

4. in favor of plaintiff Rob's Automotive and against defendants Township of Falls, Phillip A. Szupka, William Dayton, Richard Otto and James P. Rhein on the procedural due process claim; and

5. in favor of defendant Township of Falls and, to the extent that they are sued in their official capacities, defendants Szupka, Dayton, Otto and Rhein, and against plaintiff Rob's Automotive on the punitive damages claim.

IT IS FURTHER ORDERED that Defendants' motion is DENIED to the extent that it seeks summary judgment in favor of defendants Szupka, Dayton, Otto and Rhein, in their individual capacities, on the punitive damages claim.

E.D.Pa.,2001.
Leipziger v. Township of Falls
Not Reported in F.Supp.2d, 2001 WL 111611 (E.D.Pa.)

Motions, Pleadings and Filings (Back to top)

• 2:00CV01147 (Docket) (Mar. 03, 2000)
END OF DOCUMENT

(C) 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.