## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORPORAL TRINIDAD NAVARRO, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 05-565 GMS |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| CHRISTOPHER A. COONS, | : | |
| individually and in his official capacity; | : | |
| GUY H. SAPP, individually and in his | : | |
| official capacity; and NEW CASTLE | : | |
| COUNTY, a municipal corporation, | : | |
| | : | |
| Defendants. | : | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Jeffrey K. Martin, Esquire (I.D. No.2407)
Timothy J. Wilson, Esquire (I.D. No. 4323)
Martin & Wilson, P.A.
1508 Pennsylvania Avenue, Suite 1C
Wilmington, DE 19801
(302) 777-4681
*Attorney for Plaintiff Cpl. Trinidad Navarro*

## **TABLE OF CONTENTS**

1.    INTRODUCTION.................................................................................3

2.    THE PARTIES AND THEIR CONTENTIONS ................................................5

3.    EVIDENCE DEFINED...........................................................................6

4.    DIRECT AND CIRCUMSTANTIAL EVIDENCE/CONSIDERATION
      OF EVIDENCE/STATEMENTS OF COUNSEL ............................................7

5.    OBJECTIONS -RULINGS ON EVIDENCE ..................................................9

6.    CREDIBILITY OF WITNESSES............................................................10

7.    NUMBER OF WITNESSES AND EVIDENCE.............................................12

8.    EVIDENCE - CHARTS AND SUMMARIES ...............................................13

9.    DEPOSITION TESTIMONY ..................................................................14

10.   VERDICT BASED ON EVIDENCE..........................................................15

11.   BURDEN OF PROOF ..........................................................................16

12.   ESSENTIAL ELEMENTS OF PLAINTIFF'S CLAIM.....................................17

13.   AFFIRMATIVE DEFENSES ..................................................................19

14.   INJURIES - CAUSATION .....................................................................20

15.   COMPENSATORY DAMAGES ..............................................................21

16.   DUTY TO MITIGATE..........................................................................23

17.   PUNITIVE DAMAGES.........................................................................24

18.   EFFECT OF INSTRUCTIONS AS TO DAMAGES .......................................26

19.   DELIBERATION AND VERDICT............................................................27

20.   UNANIMOUS VERDICT ......................................................................29

21.   COURT HAS NO OPINION ..................................................................30

## 1: INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

Each of you has been provided a copy of these instructions. You may read along as I deliver them if you prefer, however, I would encourage you to focus your attention on me while the instructions are being read. You will be able to take your copies with you into your deliberations and refer to them at that time, if necessary.

I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain some rules that you must use in evaluating particular testimony and evidence.

I will explain the positions of the parties and the law you will apply in this case.

Finally, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say. Members of the Jury, it is important that you bear in mind the distinction between your duties and my duties. You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. You are the sole judges of the facts. It is your judgment, and your judgment alone, to determine what the facts are, and nothing I have said or done during this trial was meant to influence your decisions about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, by a preponderance of the evidence, the defendants have violated plaintiff's civil rights and are liable to the plaintiff.

Now, as far as my duty is concerned, I have the duty of advising you about the law that you should apply to the facts as you find them. You are not to consider whether the principles I

state to you are sound or whether they accord with your own views about policy. You are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. You must accept them despite how you feel about their wisdom. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## 2: THE PARTIES AND THEIR CONTENTIONS

The parties in this case are the plaintiff, Cpl. Trinidad Navarro, and the defendants, New Castle County, County Executive Christopher A. Coons, and former Public Safety Director Guy H. Sapp.

In this case plaintiff alleges that he was retaliated against by the defendants for exercising his right to freedom of political association. This retaliation, it is alleged, was carried out by defendants by reducing budgeted sergeant positions. This reduction resulted in plaintiff's failure to be promoted to sergeant. Defendants maintain that plaintiff did not engage in no conduct protected by his First Amendment Right to freedom of political association, and that they did not retaliate against plaintiff in any way. Defendants assert that the reason for the reduction in the amount of sergeant positions was due to the need for increased patrol officer strength in the community and budgetary needs, and was not done in order to retaliate against plaintiff.

## 3: EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations to which the lawyers agreed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. The arguments of the lawyers are offered solely as an aid to help you in your determination of the facts. Their questions and objections are not evidence. My legal rulings are not evidence. My comments and questions are not evidence.

During the trial I may have not let you hear the answers to some of the questions the lawyers asked. I may also have ruled that you could not see some of the exhibits that the lawyers wanted you to see. You must completely ignore all of these things. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## 4:  DIRECT AND CIRCUMSTANTIAL EVIDENCE/CONSIDERATION OF EVIDENCE/STATEMENTS OF COUNSEL

You have heard the terms direct and circumstantial evidence.

Direct evidence is evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed this, that would be direct evidence that it was raining.

Circumstantial evidence is a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

A further word about statements and arguments of counsel. The attorneys' statements and arguments are not evidence.  Instead, their statements and arguments are intended to help you review the evidence presented. If you remember the evidence differently from the attorneys, you should rely on your own recollection.

The role of attorneys is to zealously and effectively advance the claims of the parties they

represent within the bounds of the law. An attorney may argue all reasonable conclusions from evidence in the record. It is not proper, however, for an attorney to state an opinion as to the true or falsity of any testimony or evidence. What an attorney personally thinks or believes about the testimony or evidence in a case is not relevant, and you are instructed to disregard any personal opinion or belief concerning testimony or evidence that an attorney has offered during opening or closing statements, or at any other time during the course of the trial.

## 5: OBJECTIONS - RULINGS ON EVIDENCE

From time to time during the trial I have been called upon to make rulings of law on objections or motions made by the lawyers. It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. You should not show prejudice against an attorney or his or her client because the attorney has made objections. You should not infer or conclude from any ruling or other comment I have made that I have any opinions on the merits of the case favoring one side or the other. And if I sustained an objection to a question that went unanswered by the witness, you should not draw any inferences or conclusions from the question itself.

## 6. CREDIBILITY OF WITNESSES

You are the sole judges of each witness' credibility. You should consider each witness' means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness' biases, prejudices, or interests; the witness' manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable.

In determining the weight to give to the testimony of a witness, you should ask yourself whether this is evidence tending to prove that the witness testified falsely about some important fact, or, whether this was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the testimony he or she gave at trial. You have the right to distrust such witness' testimony in other particulars and you may reject all or some of the testimony of that witness or give it such credibility as you may think it deserves.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth. People may tend to forget some things or remember other things inaccurately. If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

This instruction applies to all witnesses.

## 7: NUMBER OF WITNESSES AND EVIDENCE

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial. Nor does the law require any party to produce as exhibits all paper, documents, or objects mentioned in the evidence of the case.

## 8:  EVIDENCE - CHARTS AND SUMMARIES

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the records in the case. These charts or summaries are used for convenience. They are not, in and of themselves, evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

## 9:  DEPOSITION TESTIMONY

During the trial of t his case, some testimony was presented to you by way of deposition or prior testimony consisting of sworn recorded statements or answers to questions asked of a witness before the trial by one or more of the lawyers for the parties to this case.  You should consider and weigh deposition testimony in the same way as you would the testimony of a witness who has testified in court.

## 10:  VERDICT BASED ON EVIDENCE

I instruct you that your verdict must be based entirely and exclusively on the evidence in this case, and that you cannot be governed by passion, prejudice, or any motive whatsoever except a fair and impartial consideration of the evidence.  Further, you must not allow sympathy which you might have or entertain for any of the parties to influence you in arriving at your decision.  The Court does not charge you not to sympathize with the plaintiff or a particular defendant, because it is only natural and human to sympathize with persons involved in litigation.  But the Court does charge you not to allow that sympathy to enter into the consideration of the case or to influence your verdict.

## 11:  BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE

This is a civil case.  Plaintiff Corporal Navarro has the burden of proving his claims and damages by what is called a preponderance of the evidence.  Proof by a preponderance of the evidence means proof that something is more likely true than not. It means that certain evidence, when compared to the evidence opposed to it, has the more convincing force and makes you believe that something is more likely true than not.

Preponderance of the evidence does not depend on the number of witnesses. If the evidence as to a particular element or issue is evenly balanced, the party has not proved the element by a preponderance of the evidence and you must find against that party. In determining whether any fact has been proven by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of who called them and all exhibits received into evidence regardless of who produced them.

Those of you who are familiar with criminal cases will have heard the term proof beyond a reasonable doubt.  That burden does not apply in a civil case and you should therefore put it out of your mind in considering whether or not Corporal Navarro has not met his burden of proof on various issues.

## 12.  ESSENTIAL ELEMENTS OF PLAINTIFF'S CLAIM

Plaintiff has filed suit against the defendants under federal law, which provides a remedy for any person who has been deprived of his or her constitutional rights.  In order to prevail on a claim for retaliation, plaintiff must prove all of the following by a preponderance of the evidence:

First, plaintiff must prove that he engaged in freedom of political association that is protected by the First Amendment.  *(NOTE:  THIS IS AN ISSUE OF LAW – therefore, depending on outcome of summary judgment motion, may need to add:  "I have already determined that plaintiff engaged in First Amendment protected activity."  Also, if Court should find that defendants acted under color of law, will need to add such language here and delete the fourth prong below.)*

Second, plaintiff must prove that defendants Christopher A. Coons or Guy H. Sapp took action or actions that were adverse to plaintiff.

Third, plaintiff must prove that his political activity or association was a substantial or motivating factor in the defendant's decision to take adverse action.  For protected conduct to be a substantial or motivating factor in a decision, the decisionmakers must be aware of the protected conduct.

Fourth, that defendant's actions were "under color" of the authority of state law or custom.

And fifth, that defendants' actions were the proximate or legal cause of damages sustained by plaintiff.

See Kevin F. O'Malley, Jay E. Grening, and Hon. William C. Lee, Federal Jury Practice and Instructions §168.20 (Civil)(5th ed. 2001); Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle, 429 U.S. 274, 287 (1977); Garcetti v. Ceballos, --- U.S. ---, 126 S.Ct. 1951 (2006); Baldasarre v. New Jersey, 250 F.3d 188 (3d. Cir. 2001); Ambrose v. Township of Robinson, Pa., 303 F.3d 488, 493 (3d. Cir. 2002); Schneck v. Saucon Valley Sch. Dist., 340 F. Supp. 2d 558, 568 (E.D. Pa. 2004).

## 13:  AFFIRMATIVE DEFENSES

If you find that plaintiff has met his burden of proof, then you must determine whether the defendants have shown by a preponderance of the evidence that any of them, if they are proven to have taken any action or actions, would have taken the action or actions against the plaintiff, even in the absence of the exercise of plaintiff's right to freedom of political association.

If any of the defendants alleged to have acted have shown, by a preponderance of the evidence, that they would have taken the same actions in the absence of the plaintiff's exercise of his right to freedom of political association, then you should find for the defendants.

Nicholas v. Pennsylvania State University, 227 F.3d 133, 144 (3d. Cir. 2000); Fultz v. Dunn, 165 F.3d 215, 218 (3d. Cir. 1998).

## 14: INJURIES - CAUSATION

If you determine that Cpl. Navarro has carried his burden of proving his claim of retaliation, you must also determine whether he has proven by a preponderance of the evidence that he suffered damages as a proximate cause of the actions of any of the defendants.

Proximate cause is a cause that directly produces the harm, and but for which the harm would not have occurred. In other words, there must not only be a causal link, but a direct one, with no intervening causes.

Defendants are only required to compensate plaintiff for those damages which plaintiff has proven by a preponderance of the evidence to have been a proximate cause of their actions. Defendants are not required to compensate plaintiff for damages for which the conduct of the defendants conduct is *not* a cause. Therefore, you may not compensate plaintiff for damages for any injuries he may have sustained from any other source, or as a result of conduct not attributable to any defendant.

## 15: COMPENSATORY DAMAGES

I now discuss the award of damages in this case. I should say preliminarily that my instructions of damages are not to be intended as any indication by the Court as to whether damages should or should not be awarded in this case. You must first determine the liability on the part of a particular defendant. If you determine that plaintiff has proven by a preponderance of the evidence that a defendant violated his rights and that any such violation was also the proximate cause of damages to him, you must then consider the instructions that I am about to give you.

The object and purpose of an award of damages in a civil action is just, fair, and reasonable compensation for any harm and injury done in the past to plaintiff and for any damages he may suffer in the future as a result of the alleged wrongs. Certain guiding principles of law with regard to these damages should be employed by you in arriving at the amount of any award you might find to be warranted.

One principle of law is that the damages to be recoverable must be proven with reasonable probability and not left to speculation. Damages are termed speculative when this is a mere possibility rather than a reasonable probability that an injury or loss will occur or will exist in the future. Damages must be based on the evidence presented at trial, and only that evidence.

You must not allow any sympathy you might have or entertain for any of the parties in this case to influence you. I do not charge you not to feel sympathy for the parties in this case, since it is only natural and human to sympathize with parties in litigation. I do charge you not to allow that sympathy to enter into your consideration of the case and to influence your verdict.

If you determine based on the evidence and on the instructions which I have given you,

that a particular defendant is liable to plaintiff, and that plaintiff has proven that he has suffered damages as a result, then you should award him such sums of money which will fairly and reasonably compensate him for each of the following elements of damages. You should consider the following elements of damages claimed by plaintiff, to the extent you find plaintiff proved these damages by a preponderance of the evidence, and no others:

1.    Lost earnings or other benefits plaintiff has suffered in the past.

2.    Lost earnings or benefits which plaintiff will suffer in the future, reduced to present worth.

3.    Emotional distress or mental suffering plaintiff has suffered in the past or will suffer in the future.

## 16: DUTY TO MITIGATE

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages – that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that Cpl. Navarro failed to seek out or take advantage of opportunities to minimize his damages that were reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the his damages by the amount that could have been reasonably realized if he had taken advantage of such opportunities.

## 17: PUNITIVE DAMAGES

In certain situations, the law also allows, but does not require, a jury to award the plaintiff punitive damages in addition to compensatory damages. Punitive damages are different from compensatory damages. Compensatory damages are awarded to compensate the plaintiff for the injury suffered. However, a jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future.

You may, but are not required to, award punitive damages if you find that a particular defendant acted maliciously or wantonly in violating plaintiff's federally protected rights. However, punitive damages are not available against a municipality such as New Castle County or County defendants named in their official capacities. Punitive damages cannot be awarded for mere inadvertence, mistake, errors of judgment, and the like, which constitute ordinary negligence. In this case there are multiple defendants. Therefore, you must make a separate determination whether each defendant acted maliciously or wantonly.

A violation is malicious if it was prompted by ill will or spite towards the plaintiff. A defendant is malicious when he consciously desires to violate federal rights of which he is aware, or when he consciously desires to injure the plaintiff in a manner he knows to be unlawful. A conscious desire to perform the physical acts that caused plaintiff's injury, or fail to undertake certain acts, does not by itself establish that a defendant had a conscious desire to violate rights or injure plaintiff unlawfully.

A violation is wanton if the person committing the violation recklessly or callously disregarded the plaintiff's rights.

If you find by a preponderance of the evidence that a particular defendant acted maliciously or wantonly in violating plaintiff's federal rights, then you may award punitive damages against that

defendant. However, an award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them. Keep in mind, however, that the amount of such extraordinary damages, when awarded, must be fixed with calm discretion and sound reason, and must never be either awarded or fixed in amount, because of any sympathy, bias or prejudice with respect to any party to the case. I will now discuss some considerations that should guide your exercise of this discretion. But remember that you cannot award punitive damages unless you have found that the defendant in question acted maliciously or wantonly in violating plaintiff's federal rights.

If you have found that the defendant in question acted maliciously or wantonly in violating plaintiff's federal rights, then you should consider the purposes of punitive damages. The purposes of punitive damages are to punish a defendant for a malicious or wanton violation of federal rights, or to deter the defendant and others like the defendant from doing similar things in the future, or both. Thus, you may consider whether to award punitive damages to punish a particular defendant. You should also consider whether actual damages standing alone are sufficient to deter or prevent defendant from again performing any wrongful acts he/she may have performed. Finally, you should consider whether an award of punitive damages in this case is likely to deter other persons from performing wrongful acts similar to those a defendant may have committed.

## 18:  EFFECT OF INSTRUCTIONS AS TO DAMAGES

The fact that I have instructed you about damages should not be considered as my suggesting which party is entitled to your verdict in this case. Instructions about the measure of damages are given for your guidance only if you find that any award of damages is appropriate.

The Court instructs you further that you should consider each claim separately in awarding damages, without regard to any other claim. It is within the Court's province to ensure that damages are recovered only once for each particular harm.

## 19:  DELIBERATION AND VERDICT

Let me conclude these proceedings by explaining some things about your deliberations in the jury room and your possible verdicts.

How you conduct your deliberations is up to you. But, however you conduct those deliberations, please remember that your verdict must represent the considered judgment of each juror. It is your duty, as jurors, to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because the opinion of your fellow jurors, or for the purpose of returning a verdict. Remember at all times that you are not partisans. You are judges - judges of the facts, not me. Your sole interest is to seek the truth from the evidence in that case. In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form. You will then return to the courtroom, your foreperson will give the form to my Deputy Clerk and your verdict shall be announced.

It is proper to add the caution that nothing said in these instructions, and nothing in the form of a verdict, is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

Once you start deliberating, do not talk to the Jury Officer, to my Deputy Clerk, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the Jury Officer. The question will be given to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages normally sent to me through the foreperson, who by custom of this court is juror Number 1.

One more thing about messages. Do not ever write down or tell anyone else how you stand on your votes. For example, do not write down or tell anyone else that you are split 6-2, or 4-4, or whatever your vote happens to be. That should stay secret until you are finished.

## 20:  UNANIMOUS VERDICT

Your verdict must represent the considered judgment of each juror.  In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict.  Your verdict must be unanimous.

A form of verdict has been prepared for you.  You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill in, date, and sign the form.  You will then return to the courtroom and your foreperson will hand your verdict to the clerk.

It is proper to add the caution that nothing said in these instructions and nothing in the form of verdict is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find.  What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

## 21:  COURT HAS NO OPINION

Let me finish up by repeating something I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You must decide the case yourselves based on the evidence presented.