# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORPORAL TRINIDAD NAVARRO, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 05-565 GMS |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| CHRISTOPHER A. COONS, | : | |
| individually and in his official capacity; | : | |
| GUY H. SAPP, individually and in his | : | |
| official capacity; and NEW CASTLE | : | |
| COUNTY, a municipal corporation, | : | |
| | : | |
| Defendants. | : | |

## JOINT PROPOSED FINAL PRETRIAL ORDER

This matter having come before the court at a pretrial conference held pursuant to Fed.R.Civ.P. ("Rule") 16, and Jeffrey K. Martin, Esquire and Timothy J. Wilson, Esquire of Martin & Wilson, P.A., 1508 Pennsylvania Avenue, Wilmington, DE, 19806, (302) 777-4681, having appeared as counsel for Plaintiff and Megan Sanfrancesco, Esquire and Judith A. Hildick, Esquire, of the New Castle County Law Department, 87 Reads Way, New Castle, DE, 19720, (302) 395-5130, having appeared as counsel for Defendant New Castle County, and Jeffrey Goddess, Esquire, or Rosenthal, Monhait and Goddess, P.A., 919 Market Street, Suite 1401, Wilmington, DE, 19899, (302) 656-4433, having appeared as counsel for Defendants Christopher A. Coons and Guy H. Sapp, the following actions were taken:

(1)   **Plaintiff:** This is an action for violation of First Amendment rights of freedom of political association. Jurisdiction is founded on the existence of a question arising under federal statutes and the U.S. Constitution. This action arises under 42 U.S.C. §1983 and the First Amendment to the Constitution of the United States. The jurisdiction of this Court is evoked to

secure protection and redress deprivation of rights secured by Federal law, which prohibits adverse action against employees for exercising their federally protected rights to freedom of political association and on the basis of retaliation as a result of the exercise of federally protected rights.

**Defendants:**   This is a civil rights action concerning First Amendment freedom of political association.   Jurisdiction under 42 U.S.C. § 1983 and the First Amendment is not disputed.

(2)    The following stipulations and statements were submitted and are attached to and made a part of this Order.

(a)    Stipulated Uncontested Facts

1.    Plaintiff began employment with NCC on or around September 30, 1991. He thereafter entered the Police Academy in or around January, 1992 and began working patrol in or around May, 1992.  Plaintiff has been employed with NCC for approximately fifteen (15) years.

2.    Plaintiff worked in patrol until October 1998 when he was selected for the Public Information Officer ("PIO") position.  Plaintiff currently is the PIO for NCC's Police Department.

3.    In the Fall of 2004, Plaintiff tested for the position of police Sergeant with NCC. The testing process, administered by NCC's Human Resources Department, consisted of a written examination, an oral board style interview and the addition of seniority points.  The written test and oral interview each represented 47.5% of the overall score with seniority points accounting for 5% of the overall score.  The oral interview panel for the fall 2004 testing consisted of Lieutenant Wendy Hudson, Lieutenant Robert Schreiber, and Captain Elmer Setting.

4.    At the completion of the testing process, a certified ranking list was established to rank each officer's overall score. Plaintiff received the rank of twelve (12), meaning eleven (11) officers scored higher than him and approximately seventy-five (75) officers scored lower than Plaintiff.

(b)    Contested Issues of Fact and Law

**Plaintiff:**

1.    On or about June 29, 2005, Plaintiff met with Levine. She candidly informed Plaintiff that he was perceived as a person who could not be trusted due to his loyalties to McAllister (NCCPD Police Chief). She further stated that he [Plaintiff] was not liked by the County Executive or his administration. She stated that, Plaintiff was on the losing team and his career would be harmed if he [Plaintiff] continued to stay on the "McAllister team." Levine also stated that "[Plaintiff] would have a long and difficult seven years ahead of him assuming Executive Coons seeks re-election." Levine indicated she believed McAllister would soon be arrested for an alleged DELJIS violations and indicated if he went down, Plaintiff would go down with him.

2.    Plaintiff told Levine that he was tired of the politics associated with his position and commented, "I want out of it." Levine's response was, "well, you still have six years until you can retire." Plaintiff then clarified, that he did not want to leave the police department, but possibly wanted out of the PIO position. Levine suggested that Plaintiff seek a job transfer to another job within the County rather than stay as the PIO to avoid being labeled as "not on Chris' team." Plaintiff understood this suggestion to get away from McAllister and be loyal to Coons, not McAllister.

3.     Levine went on to say that she heard Plaintiff had been the PIO for so many years, because "you do as you are told to do." She then advised Plaintiff that she had heard rumors regarding Plaintiff's involvement in an investigation relating to a murder that occurred in Las Vegas, Nevada. Plaintiff advised Levine that she had gotten her rumors crossed and indicated Plaintiff did not personally know anyone involved in the murder investigation. The allegation was that Plaintiff flew to Las Vegas, Nevada to influence the investigation regarding Lisa D. Moseley. Plaintiff denied having done so.

4.     During this conversation with Levine, Plaintiff and she discussed his possible promotion to Sergeant. Plaintiff advised Levine that he had heard the requisition for Sergeants was going to be withheld by the administration essentially negating the possibility of Plaintiff's promotion. Levine replied, "well, that's how politics work." Plaintiff then told her, politics should not be involved in any promotional opportunity. Levine responded, "well, Chris [referring to County Executive Coons] butters the bread."

5.     At the end of the conversation, Levine stated she had several candid conversations with the County Executive and advised him, "Trini is one of the few people who I can depend on to get the job done." Levine indicated that she frequently commented to the County Executive about Plaintiff's performance as the PIO. Levine stated, "I think you [Plaintiff] do an excellent job with the media dating all the way back to the days when I was a reporter at the News Journal."

6.     The statements made by Levine to Plaintiff during the conversations set forth herein reflect statements made by Coons to Levine.

**Defendants:**[1]

---

[1] Subject to judicial determination of Defense Motion in Limine.

1.    Plaintiff did not engage in activity protected by the First Amendment.

2.    Was Plaintiff more qualified than those who were promoted to the rank of Sergeant?

      3.    Did Plaintiff suffer any adverse employment action as a result of the conduct of defendants?

      4.    Did Plaintiff engage in any political activity?

      5.    Whether any such political activities were a "substantial" or "motivating" factor in any of Defendants' allegedly retaliatory actions.

      6.    Whether Defendants would have taken the same actions involving Plaintiff absent the allegedly protected conduct?

      7.    Did Defendant Coons play any role in the events and decision of June 29, 2005?

      8.    Whether Defendants Coons and Sapp, in their individual capacities, are entitled to qualified immunity?

      9.    Whether Plaintiff can establish entitlement to compensatory damages for lost wages, front pay, back pay, pension, other benefits, or loss of earning capacity.

      10.    Whether Plaintiff can establish entitlement to compensatory damages for alleged emotional distress or pain and suffering.

      11.    Has Plaintiff done anything to mitigate his damages?

      12.    Whether Plaintiff can establish entitlement to punitive damages.

      13.    Plaintiff cannot sustain a claim of municipal liability by virtue of *respondeat superior.*

      14.    Claims against Defendants Coons and Sapp (Frazier) in their official capacity are duplicative of the municipal liability claims against the County.

      15.    Whether Plaintiff is entitled to attorneys fees, costs or pre-post judgment interest related to any of the claims on which he does not prevail in this action.

      16.    Whether Defendants are entitled to an award of attorneys' fees against Plaintiff on all claims on which they have prevailed.

      17.    Plaintiff cannot establish entitled to the reparative and mandatory injunctions and other equitable relief requested in the Complaint and contained in his statement of special damages.

(c)    Exhibits

**Plaintiff:**    See Schedule (2)(c)(1) Plaintiff's Exhibits (attached hereto).

P-1    Letter from Patricia M. DiEmideo of Human Resources for New Castle County dated 8/25/1998 obtained at the deposition of Plaintiff and marked as exhibit N9.

P-2    Directive 34 – Promotions revised 01/01/2004 obtained at the deposition of McLaren and marked as exhibit McLaren 1.

P-3    Application for Employment, Promotion, Transfer and Demotion dated 7/12/2004 obtained at the deposition of Plaintiff and marked as exhibit N8.

P-4    New Castle County Division of Police Memorandum dated 5/3/2005 obtained at the deposition of Plaintiff and marked as exhibit N3

P-5    Department of Police Memorandum dated 5/10/2005 obtained at the deposition of Plaintiff and marked as exhibit N4.

P-6    New Castle County Retreat Agenda dated 5/18/2005 obtained at the deposition of Levin and marked as exhibit L1.

P-7    FOP Memorandum dated 5/20/2005 obtained at the deposition of Plaintiff and marked as exhibit N5.

P-8    E-mail document from Allison Levine dated 6/24/2005 obtained at the deposition of Plaintiff and marked as exhibit N12.

P-9    Memo from Guy Sapp dated 6/29/2005 obtained at the deposition of Plaintiff and marked as exhibit N6.

P10    Memorandum for Detective L. Rob Joseph, Detective Joseph Trala, Cpl. Trinidad Navarro dated 7/5/2005.

P-11    Memorandum from Lt. Col. Scott McLaren dated 12/5/2005 obtained at the deposition of Plaintiff marked as exhibit N10.

Plaintiff reserves the right to utilize any and all of Defendant's documents.

**Defendants:**    See Schedule (2)(c) Defendants' Exhibits (Attached hereto).[2]  Defendants reserve the right to use any exhibits identified by Plaintiff.

---

[2] Attached Defense Schedules correspond to the item designated on the Pretrial Order. For example, the schedule for item 2(c) of the Pretrial Order is attached as "Schedule 2(c)."

(d)    Witnesses

**Plaintiff:**    See Schedule (2)(d), Plaintiff's Potential Witnesses. Plaintiff reserves the right to call any witnesses identified by Defendant.

The following Individuals are employed by New Castle County, a party to this instant litigation:

(1)    Christopher Coons (w), New Castle County Executive, a party to this instant litigation
(2)    Christy Gleason (w), served as Public Information Officer for Christopher Coons
(3)    Tom Gordon (w), former New Castle County Executive
(4)    Lynn Howard (w), employed by New Castle County
(5)    Allison Taylor Levine (w), former Public Information Officer for New Castle County
(6)    Guy Sapp (w), Public Safety Director, New Castle County
(7)    David Singleton (w), C.A.O. for New Castle County

The following individuals are or were employed by the New Castle County Police Department;

(8)    David McAllister (w), former Chief of Police, New Castle County Police Department
(9)    James Hedrick (w), Major, New Castle County Police Department
(10)   Wendy Hudson (w), Lieutenant, New Castle County Police Department
(11)   Bob Larrimore (w), Sergeant, New Castle County Police Department
(12)   Wm. Scott McLaren (w), current Acting Chief of Police, New Castle County Police Department
(13)   Paul Neill (m), Sergeant, New Castle County Police Department
(14)   Bruce Pinkett (m), Officer, New Castle County Police Department
(15)   Robert Schreiber (m), Lieutenant, New Castle County Police Department
(16)   Elmer Setting (w), Captain, New Castle County Police Department
(17)   Stuart Snyder (w), Major, New Castle County Police Department
(18)   Dan Yeager (m), Sergeant, New Castle County Police Department
(19)   David Baylow (m), Major (retired), Delaware State Police

*Defendants object to Plaintiff's witnesses in numbers 2, 3, 4, 10, 11, 13, 14, 15, 17, and 19 above pursuant to F.R.E. 401 and 402.*

**Defendants:**  See Schedule (2)(d) Defendants' Potential Witnesses. Defendants reserve

the right to call any witnesses identified by Plaintiff.

(e)    Expert Witnesses

**Plaintiff:**    Not applicable.

**Defendants:**  Not applicable.

(f)     Depositions to be read into evidence

**Plaintiff:**     At present, Plaintiff is unaware of any witnesses that will be unavailable at trial.  Plaintiff reserved the right in accordance with the Federal Rules of Civil Procedure to use deposition testimony at trial if a witness is unavailable to testify at trial or for impeachment purposes.

Defendants reserve the right to object to any subsequent amendment to plaintiff's response.

**Defendants:**   At this time, Defendants are not aware of any witnesses that will be unavailable at trial.  Defendants reserve the right to supplement this response should a witness become unavailable.  Furthermore, Defendants reserve the right to use deposition testimony for impeachment purposes and in accordance with Federal Rules of Civil Procedure.

(g)     Special Damages

**Plaintiff:**     Enter a judgment against Defendants, for compensatory damages, including lost wages, back pay,($3,546.00 per annum) pension and other benefits, for future or front pay, loss of earning capacity, emotional distress, humiliation, embarrassment and injury to his reputation; Enter judgment against Defendants for punitive damages; Issue a mandatory injunction directing Defendants to promote Plaintiff to the rank of Sergeant in the NCC Police Department; Award front pay to Plaintiff until Plaintiff can be promoted; Issue a reparative injunction directing that upon retirement, Plaintiff's pension and other benefits be calculated as if he had been promoted to rank of Sergeant as of July 2005; Issue a mandatory injunction ending the continuing illegal actions of Defendants and barring them from considering political association whenever considering the promotion of any uniformed officer of the NCC Police Department; Issue a reparative injunction directing that Defendants place a signed document in Plaintiff's personnel file indicating he was qualified to be promoted to the rank of Sergeant,

effective July 2005, and that but for illegal conduct by Defendants, he would have been promoted to that rank on at least one other occasion since that date, and apologizing to Plaintiff for violating his constitutional rights; Enjoining Defendants from retaliating against Plaintiff; Award Plaintiff attorney's fees, costs, pre- and post-judgment interest for this action; and Require such other and further relief as the Court deems just and proper under the circumstances.

**Defendants:** Not applicable. Defendants object to the foregoing as it is not an itemized statement of special damages as required by the Court's procedures. *See also* Defendants' objections to alleged damages as contained in Schedule (2)(b) – Defendants' Statement of Contested Issues of Fact and Law.

      (h)    <u>Waivers of abandoned claims or defenses</u>

**Plaintiff:**    Not applicable.

**Defendants:**    Defendants reserve their response pending the Court's ruling on Defendants' May 4, 2007 Motion for Summary Judgment.

      (i)    <u>Jury trial matters</u>

            (i)    Trial Briefs (See Defendants' Schedule (2)i(i) Trial Brief – filed separately)

            (ii)    Proposed Jury Prayers, Verdict Forms & Special Interrogatories (See Defendants' Schedule (2)i(ii) (filed separately)

            (iii)    Proposed Voir Dire

                    See Plaintiff's Voir Dire and Defendants' Schedule (2)i(iii) – Defendants' Proposed Voir Dire (attached hereto).

      (j)    <u>Non jury trial matters</u> (N/A)

      (k)    <u>Settlement negotiations</u>

**Plaintiff:** No settlement negotiations have taken place. Plaintiff may not be made whole in this matter without equitable relief demanding that he be promoted to Sergeant.

**Defendants:** Upon information and belief, at the Pretrial Conference on November 20, 2006, the Court advised plaintiff to forward a demand to defendants. To date, no demand has been received.

(l)    Discovery

**Plaintiff:** Plaintiff has completed discovery.

**Defendants:** Defendants have completed discovery

(m)    Motions in Limine

**Plaintiff:**    Not applicable.

**Defendant:**    See Defendants' Schedule (2)(m) (Attached hereto).

(3)    Trial of this case is expected to take 5 days beginning on September 10, 2007.* (*This depends on the Court's rulings on the outstanding Defense Motion for Summary Judgment).

(4)    Jury trial.

(5)    Jurors:

**Plaintiff:** Plaintiff recommends that eight (8) jurors be selected at the commencement of the trial.

**Defendant:** Defendants recommend that 12 jurors (8 jurors and 4 alternates) be selected at the commencement of trial.

(6)    This Order will control the course of the trial and may not be amended except by consent of the parties and the court, or by order of the court to prevent manifest injustice.

(7)    Possibility of settlement of this case was considered by the parties.

/s/ Jeffrey K. Martin
Jeffrey K. Martin, Esq. (#2407)
Timothy J. Wilson, Esq. (#4323)
MARTIN & WILSON, P.A.
1508 Pennsylvania Avenue
Wilmington, DE 19806
Telephone:  (302) 777-4681
*Attorneys for Plaintiff Trinidad Navarro*

/s/MeganSanfrancesco
Judith A. Hildick (#3244)
First Assistant County Attorney
Megan Sanfrancesco (#3801)
First Assistant County Attorney
New Castle County Law Department
87 Reads Way
New Castle,DE 19720
Telephone:  (302) 395-5130
*Attorneys for New Castle County and Christopher A. Coons and Ronald E. Frazier in their Official Capacities*

/s Jeffrey S. Goddess
Jeffrey S. Goddess, Esq.(#630)
Rosenthal, Monhait & Goddess, P.A.
919 Market Street, Suite 1401
P.O. Box 1070
Wilmington, DE 19899
(302) 656-4433
*Attorney for Christopher A. Coons and Guy H. Sapp in their Individual Capacities*

APPROVED:

_____
Sleet, U.S.D.J.