

JEFFREY K. MARTIN, ESQ.*
TIMOTHY J. WILSON, ESQ.*

*LICENSED IN DE, PA AND NJ

1508 PENNSYLVANIA AVENUE
WILMINGTON, DE 19806
TELEPHONE (302) 777-4681
FACSIMILE (302) 777-5803

July 25, 2007

**Via Electronic Filing**
The Honorable Gregory M. Sleet
U.S. District Court for the
 District of Delaware
844 North King Street
Wilmington, DE 19801

   RE: <u>Navarro v. Coons, et al.</u>
     C.A. No. 05-565(GMS)

Dear Judge Sleet:

  Today we filed Defendants' Motion in Limine in the above-captioned case. This motion was to be filed as an attachment to the Joint Pre-Trial Order on Monday afternoon. However, if our haste to file everything we neglected to file the Motion. Defendants supplied this Motion to us in a timely manner. I apologize to the Court for the delay.

                Very truly yours,

                TIMOTHY J. WILSON

TJW/njj

cc: Megan Sanfrancisco, Esq.
   Jeffrey Goddess, Esq.

Schedule (2)(m)

**Motions in Limine**

**Defendants:**

**Defendants move in limine to deny the admissibility of the following:**

   1.   **Defendants move to preclude the admissibility of any testimony regarding any and all alleged discrimination by the defendants against persons other than the plaintiff pursuant to Fed.R.Evid. 401, 402, 403 and 404**

Defendants anticipate that plaintiff may attempt to introduce testimony relating to negative employment experiences of various current employees in an attempt to raise an inference that supports his own retaliation claim. Plaintiff may also try to present his own individual observations about how other employees were treated. Evidence regarding alleged discriminatory conduct directed at other employees is irrelevant, prejudicial, confusing to the jury, and only acts to further obfuscate the real issues in this case. In addition, such evidence also constitutes improper character evidence and evidence of conduct in conformity with prior bad acts under Fed.R.Evid. 404.

In *Franco-Rivera v. Chairman of Board of Directors*, 751 F.Supp. 13, 14 n. 1 (D. Puerto Rico 1990), a plaintiff attempted to introduce evidence of other employees' own discriminatory complaints to support his claim of national origin discrimination. The court granted defendant's motion in limine to exclude such evidence because it was "in a large measure legally irrelevant." *Id*. Any attempts by Plaintiff to introduce evidence relating to other employees' negative experiences or how other employees were treated should be excluded as irrelevant under Fed.R.Evid. 401 and 402.

Defendants' alleged discrimination or harassment against other employees should also be excluded under Fed.R.Evid 403 which provides that the court may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue

consumption of time or (b) create substantial danger of unfair prejudice, of confusing the issues, or of misleading the jury. In *Moorhouse v. Boeing Co.*, 501 F.Supp. 390 (E.D. Pa. 1980), aff'd without opinion 639 F.2d 774 (3rd Cir. 1980), an age discrimination plaintiff sought to introduce testimony by several other individuals whom defendant had allegedly discriminated against on the basis of age. The district court excluded the testimony, concluding that any relevance would have been outweighed by the confusion and prejudice it would create for the jury. The district court explained:

> Had the Court permitted each of the proposed witnesses to testify about the circumstances surrounding his own layoff, each, in essence, would have presented a prima facie case of age discrimination. Defendant then would have been placed in the position of either presenting the justification for each witnesses' layoff, or of allowing the testimony to stand unrebutted. This latter alternative, of course, would have had an obvious prejudicial impact on the jury's consideration of Moorhouse's case. To have pursued the former option, Defendants would have been forced, in effect, to try all six cases together with the attendant confusion and prejudice inherent in that situation.

*Id.* at 393.

Similarly, in *Haskell v. Kaman Corp.*, 743 F.2d 113 (2d Cir. 1984), a plaintiff attempted to substantiate his discrimination claims by introducing evidence of the employer's statements about other employees. The Court of Appeals held that the district court had erred in admitting such testimony, as such statements were irrelevant to the issue of whether that individual plaintiff was terminated on the basis of age. The appellate court also noted the substantial likelihood that such statements had prejudiced the jury. *Id.* at 120.

In the instant case, the minimal probative value of any evidence of alleged improper or discriminatory conduct towards other employees is substantially outweighed by the negative effects enumerated in Fed.R.Evid. 403. There is a strong likelihood that the introduction of such evidence will in fact prejudice the jury in such a way that liability will be based on the evidence of the alleged

Case 1:05-cv-00565-GMS    Document 107    Filed 07/25/2007    Page 5 of 9

Case 1:05-cv-00565-GMS    Document 107    Filed 07/25/2007    Page 7 of 9

acts towards other employees. Further, the admission of such evidence will certainly confuse the issues and mislead the jury by putting before them a set of facts which are not directly relevant to the issues in this case. The circumstances surrounding alleged unfair treatment of other employees will not be relevant to plaintiff's claims. Finally, evidence of this nature will certainly necessitate undue consumption of time during introduction of the evidence by plaintiff and the defense of the evidence by defendants. Such evidence in essence brings into court new cases that defendants must now defend and counter with proof that the claims of these other employees are not meritorious. Thus, this will become a series of mini-trials of the treatment of various other employees in addition to a trial of plaintiff's own individual allegations of retaliation. *See Palmer v. Board of Regents of the Univ. of Georgia Kennesaw State College,* 208 F.3d 969, 972 (11th Cir. 2000).

Further, character evidence is inadmissible to prove that a person acted in conformity with a specified character trait on a specific occasion. Fed.R.Evid. 404(a) provides that evidence of a person's character or a trait of his or her character is inadmissible when offered to prove his or her conduct on a specified occasion. Plaintiff's claims rest on the ability of plaintiff to prove that defendants retaliated against him. Under the Federal Rules of Evidence, any evidence of defendants' conduct toward other employees cannot be used to prove whether or not defendant discriminated against plaintiff. The only purpose for introducing evidence of the complaints of other employees would be to create in the minds of the jurors the impression that defendants are "bad", and therefore, that they retaliated against plaintiff in this case. Such evidence is inadmissible, and should be excluded pursuant to Fed.R.Evid. 404(b).

For the foregoing reasons, defendants respectfully request that this Court issue an order prohibiting plaintiff, his attorney and his witnesses from introducing, referring to or commenting in any way on any evidence concerning defendants' alleged discrimination against other employees.

The Court is further requested to direct plaintiff's counsel to caution, warn, and instruct plaintiff's witnesses not to make any reference to such evidence and to follow the same order.