IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORPORAL TRINIDAD NAVARRO, | : | |
| Plaintiff, | : | |
| v. | : | |
| CHRISTOPHER A. COONS, individually and in his official capacity; GUY H. SAPP, individually and in his official capacity; and NEW CASTLE COUNTY, a municipal corporation, | : | C.A. No. 05-565 GMS |
| Defendants. | : | |

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE TESTIMONY BY PLAINTIFF OR PLAINTIFF'S WITNESSES REGARDING PLAINTIFF'S CURRENT CLAIM OF SUPPORT FOR, OR RELATIONSHIP WITH TOM GORDON OR SHERRY FREEBERY AS THE BASIS FOR DEFENDANTS' ALLEGED RETALIATION**

Plaintiff should be precluded from presenting any testimony regarding his support of or relationship with Tom Gordon or Sherry Freebery in his effort to prove that Defendants retaliated against him.

It was only in his Answering Brief to Defendants' Motion for Summary Judgment that Plaintiff argued, for the first time, that in addition to his relationship with Chief McAllister, it was his "support of" former County Executive Thomas Gordon and former Chief Administrative Officer and County Executive-candidate Sherry Freebery, that caused Defendants to retaliate against him by denying his promotion to sergeant. Even there the theory was only mentioned in passing, with no factual support cited for the statement. (D.I. 91, at p. 24.) Plaintiff's own conclusory affidavit – filed to stave off summary judgment – did not make that claim. Rather, he swore only that he was "identified" by others as supporting the outgoing administration and Freebery's candidacy. (*Cf.*, D.I., Ex. 9.)

Yesterday, Plaintiff filed his Trial Brief, and the theory that he affirmatively supported Gordon and Freebery – that he "cast" his support with them – has now moved front and center, and appears to be an intended main theme in Plaintiff's case. (D.I. 116, at pp. 1, 2, 9-10.)

Plaintiff's attempt to introduce new facts and theories into the case at such a late date greatly prejudices the Defendants insofar as Defendants were unable to conduct discovery related to this new theory. District Courts have broad discretion to disallow the addition of new theories of liability at the eleventh hour. *See Marvel v. Snyder,* 2003 WL 21051712 (D.Del) (Plaintiff was prohibited from introducing certain evidence because of the untimeliness of the assertion of the claim and the unfair prejudice to the defendants because they would have been forced to defend against a charge after discovery had ended and soon before trial.); *Speziale v. Bethlehem Area Sch. Dist.,* 266 F.Supp.2d 366, 371 n. 3 (E.D.Pa.2003) (Plaintiff's counsel cannot reasonably expect to amend the complaint after the close of discovery merely by raising new arguments in the responsive papers to a motion for summary judgment.); *Ota P'ship v. Forcenergy, Inc.,* 237 F.Supp.2d 558, 561 n. 3 (E.D.Pa.2002) (holding that a new claim that was first raised in opposition to a motion for summary judgment was "too late"); *Bulkoski v. Bacharach, Inc.,* 1 F.Supp.2d 484, 487 (W.D.Pa.1997) (holding that after a summary judgment argument, "[i]t is too late for plaintiff to change his theory of the case"), aff'd, 149 F.3d 1163 (3d Cir.1998) (table decision).

For the foregoing reasons, defendants respectfully request that this Court issue an order prohibiting Plaintiff, his attorney and his witnesses from introducing, referring to or commenting

in any way on any evidence regarding Plaintiff's support of or relationship with Tom Gordon or Sherry Freebery.

                                                     /s/ Jeffrey S. Goddess

Jeffrey S. Goddess (No. 630)
Rosenthal, Monhait & Goddess, P.A.
Suite 1401, 919 Market Street
P. O. Box 1070
Wilmington, DE 19899-1070
(302) 656-4433
jgoddess@rmgglaw.com

Megan Sanfrancesco (No. 3801)
Judith A. Hildick (No. 3244)
New Castle County Law Department
87 Reads Way
New Castle, DE 19720
(302) 395-5130
msanfrancesco@nccde.org
jahildick@nccde.org

*Attorneys for Defendants*