

JEFFREY K. MARTIN, ESQ.*
TIMOTHY J. WILSON, ESQ.*

*LICENSED IN DE, PA AND NJ

1508 PENNSYLVANIA AVENUE
WILMINGTON, DE 19806
TELEPHONE (302) 777-4681
FACSIMILE (302) 777-5803

September 6, 2007

**Via Electronic Filing**
The Honorable Gregory M. Sleet
U.S. District Court for the
 District of Delaware
844 North King Street
Wilmington, DE 19801

  RE: <u>**Navarro v. Coons, et al.**</u>
    **C.A. No. 05-565(GMS)**

Dear Chief Judge Sleet:

  Plaintiff objects to today's filing by Defendants of a Motion in Limine to exclude any testimony by Plaintiff or his witnesses regarding Plaintiff's support of, or relationship with, Tom Gordon or Sherry Freebery. This filing is untimely and done without leave of Court. The deadline for filing motions in limine was July 23, 2007.

  Counsels' feigned claims of ignorance of Plaintiff's theories are not supported by the facts. First, Plaintiff's theories of the case were well developed throughout this case. In fact, this very issue was fully briefed on summary judgment. See. (Pl.'s Answering Br. at 9, 13 24-28, and 30); and (Defs.' Reply Br. at 3-5, 8, 12-13, 16, and 18). As this issue has been briefed and ruled upon by Your Honor, the relief sought by Defendants is a moot issue.

  Secondly, on August 9, 2007, seventeen days following the filing of the Pretrial Order, Susan Diaz from the New Castle County Law Department called Plaintiff's attorneys' office and indicated that Defendants had submitted the "incorrect" Motion in Limine to be filed with the Court. Immediately thereafter, a copy of the "correct" Motion in Limine (which is strikingly similar to that which Defendants filed today) was faxed to Plaintiff's attorneys' office. (Attached). There was no follow up to Plaintiff's counsel until August 14, 2007, when Ms. Diaz called Mr. Wilson and asked if Mr. Wilson objected to Defendants filing this corrected version

of their Motion in Limine. Mr. Wilson communicated his objection because the Motion was untimely. Defendants thereafter made no attempt to seek leave of Court to file this Motion, nor did they unilaterally file the Motion as they did today.

Now, two business days before trial is to commence, Defendants filed this Motion, that has been in existence since at least August 9, 2007, knowing full well that Plaintiff's counsel is deep into their trial preparation. Plaintiff will be severely prejudiced is Plaintiff's counsel must take the time to respond to this Motion for which Defendants could have easily sought leave of Court to file four weeks ago. Moreover, Plaintiff has been prejudiced because his attorneys have had to take the time to attend to this unexpected and untimely matter.

Respectfully submitted,

JEFFREY K. MARTIN

JKM/njj

cc:   Jeffrey Goddess, Esq.
      Megan Sanfrancesco, Esq.
      Judith Hildick, Esq.

# NEW CASTLE COUNTY
# DEPARTMENT OF LAW

## FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Jeff Martin, Esquire<br>Tim Wilson, Esquire<br>Fax No. 777-5803 | Susan Diaz for<br>Megan Sanfrancesco, First Asst. County Atty<br>Judith A. Hdick, First Asst. County Atty. |

| COMPANY: | DATE: |
|---|---|
| Martin and Wilson | AUGUST 9, 2007 |

| COPY TO: | TOTAL NO. OF PAGES INCLUDING COVER: |
|---|---|
| | 6 |

| PHONE NUMBER: | SENDER'S REFERENCE NUMBER: |
|---|---|
| | |

| RE: | YOUR REFERENCE NUMBER: |
|---|---|
| Navarro v. Coons, et al.<br>RE: Motion in limine | |

☐ URGENT    FOR REVIEW    ☐ PLEASE COMMENT    ☐ PLEASE REPLY    ☐ PLEASE RECYCLE

NOTES/COMMENTS:

The information contained in this facsimile message is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank You.

## Schedule (2)(m)

## Motions in Limine

**Defendants:**

**Defendants move in limine to deny the admissibility of the following:**

1. Defendants move to exclude the admissibility of any testimony regarding any and all alleged discrimination by the defendants against persons other than the plaintiff pursuant to Fed.R.Evid. 401, 402, 403 and 404 for the following reasons:

Defendants anticipate that plaintiff may attempt to introduce testimony relating to negative employment experiences of various current employees in an attempt to raise an inference that supports his own retaliation claim. Plaintiff may also try to present his own individual observations about how other employees were treated. Evidence regarding alleged discriminatory conduct directed at other employees is irrelevant, prejudicial, confusing to the jury, and only acts to further obfuscate the real issues in this case. In addition, such evidence also constitutes improper character evidence and evidence of conduct in conformity with prior bad acts under Fed.R.Evid. 404.

In *Franco-Rivera v. Chairman of Board of Directors*, 751 F.Supp. 13, 14 n. 1 (D. Puerto Rico 1990), a plaintiff attempted to introduce evidence of other employees' own discriminatory complaints to support his claim of national origin discrimination. The court granted defendant's motion in limine to exclude such evidence because it was "in a large measure legally irrelevant." *Id*. Any attempts by Plaintiff to introduce evidence relating to other employees' negative experiences or how other employees were treated should be excluded as irrelevant under Fed.R.Evid. 401 and 402.

Defendants' alleged discrimination or harassment against other employees should also be excluded under Fed.R.Evid 403 which provides that the court may exclude evidence if its probative

value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of unfair prejudice, of confusing the issues, or of misleading the jury. In *Moorhouse v. Boeing Co.*, 501 F.Supp. 390 (E.D. Pa. 1980), aff'd without opinion 639 F.2d 774 (3rd Cir. 1980), an age discrimination plaintiff sought to introduce testimony by several other individuals whom defendant had allegedly discriminated against on the basis of age. The district court excluded the testimony, concluding that any relevance would have been outweighed by the confusion and prejudice it would create for the jury. The district court explained:

> Had the Court permitted each of the proposed witnesses to testify about the circumstances surrounding his own layoff, each, in essence, would have presented a prima facie case of age discrimination. Defendant then would have been placed in the position of either presenting the justification for each witnesses' layoff, or of allowing the testimony to stand unrebutted. This latter alternative, of course, would have had an obvious prejudicial impact on the jury's consideration of Moorhouse's case. To have pursued the former option, Defendants would have been forced, in effect, to try all six cases together with the attendant confusion and prejudice inherent in that situation.

*Id.* at 393.

Similarly, in *Haskell v. Kaman Corp.*, 743 F.2d 113 (2d Cir. 1984), a plaintiff attempted to substantiate his discrimination claims by introducing evidence of the employer's statements about other employees. The Court of Appeals held that the district court had erred in admitting such testimony, as such statements were irrelevant to the issue of whether that individual plaintiff was terminated on the basis of age. The appellate court also noted the substantial likelihood that such statements had prejudiced the jury. *Id.* at 120.

In the instant case, the minimal probative value of any evidence of alleged improper or discriminatory conduct towards other employees is substantially outweighed by the negative effects enumerated in Fed.R.Evid. 403. There is a strong likelihood that the introduction of such evidence

will in fact prejudice the jury in such a way that liability will be based on the evidence of the alleged acts towards other employees. Further, the admission of such evidence will certainly confuse the issues and mislead the jury by putting before them a set of facts which are not directly relevant to the issues in this case. The circumstances surrounding alleged unfair treatment of other employees will not be relevant to plaintiff's claims. Finally, evidence of this nature will certainly necessitate undue consumption of time during introduction of the evidence by plaintiff and the defense of the evidence by defendants. Such evidence in essence brings into court new cases that defendants must now defend and counter with proof that the claims of these other employees are not meritorious. Thus, this will become a series of mini-trials of the treatment of various other employees in addition to a trial of plaintiff's own individual allegations of retaliation. *See Palmer v. Board of Regents of the Univ. of Georgia Kennesaw State College*, 208 F.3d 969, 972 (11th Cir. 2000).

Further, character evidence is inadmissible to prove that a person acted in conformity with a specified character trait on a specific occasion. Fed.R.Evid. 404(a) provides that evidence of a person's character or a trait of his or her character is inadmissible when offered to prove his or her conduct on a specified occasion. Plaintiff's claims rest on the ability of plaintiff to prove that defendants retaliated against him. Under the Federal Rules of Evidence, any evidence of defendants' conduct toward other employees cannot be used to prove whether or not defendant discriminated against plaintiff. The only purpose for introducing evidence of the complaints of other employees would be to create in the minds of the jurors the impression that defendants are "bad", and therefore, that they retaliated against plaintiff in this case. Such evidence is inadmissible, and should be excluded pursuant to Fed.R.Evid. 404(b).

For the foregoing reasons, defendants respectfully request that this Court issue an order prohibiting plaintiff, his attorney and his witnesses from introducing, referring to or commenting in

any way on any evidence concerning defendants' alleged discrimination against other employees. The Court is further requested to direct plaintiff's counsel to caution, warn, and instruct plaintiff's witnesses not to make any reference to such evidence and to follow the same order.

2. **Defendants move to exclude the admissibility of testimony or evidence by Plaintiff or Plaintiff's witnesses regarding Plaintiff's support of or relationship with Tom Gordon or Sherry Freebery as the basis for Defendant's alleged retaliation.**

Plaintiff should be precluded from admitting into evidence any testimony regarding his support of or relationship with Tom Gordon or Sherry Freebery to prove that Defendants retaliated against Plaintiff. Plaintiff argued, for the very first time in his Answering Brief to Defendants' Motion for Summary Judgment, that, in addition to Plaintiff's relationship with McAllister, it was Plaintiff's "support of" former County Executive Thomas Gordon and former Chief Administrative Officer and County Executive-candidate Sherry Freebery, that caused Defendants to retaliate against him by denying his promotion to sergeant. Plaintiff's attempt to introduce new facts and theories into the case at such a late date greatly prejudices the Defendants insofar as Defendants were unable to conduct discovery related to this new theory. District Courts have broad discretion to disallow the addition of new theories of liability at the eleventh hour. *See Marvel v. Snyder*, 2003 WL 21051712 (D.Del) (Plaintiff was prohibited from introducing certain evidence because of the untimeliness of the assertion of the claim and the unfair prejudice to the defendants because they would have been forced to defend against a charge after discovery had ended and soon before trial.); *Speziale v. Bethlehem Area Sch. Dist.*, 266 F.Supp.2d 366, 371 n. 3 (E.D.Pa.2003) (Plaintiff's counsel cannot reasonably expect to amend the complaint after the close of discovery merely by raising new arguments in the responsive papers to a motion for summary judgment.); *Ota P'ship v. Forcenergy, Inc.*, 237 F.Supp.2d 558, 561 n. 3 (E.D.Pa.2002) (holding that a new claim that was first raised in opposition to a motion for summary judgment was "too late"); *Bulkoski v. Bacharach, Inc.*, 1

F.Supp.2d 484, 487 (W.D.Pa.1997) (holding that after a summary judgment argument, "[i]t is too late for plaintiff to change his theory of the case"), aff'd, 149 F.3d 1163 (3d Cir.1998) (table decision).

For the foregoing reasons, defendants respectfully request that this Court issue an order prohibiting Plaintiff, his attorney and his witnesses from introducing, referring to or commenting in any way on any evidence regarding Plaintiff's support of or relationship with Tom Gordon or Sherry Freebery.