IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORPORAL TRINIDAD NAVARRO, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 05-565 (GMS) |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| CHRISTOPHER A. COONS; and GUY H. SAPP, | : | |
| | : | |
| | : | |
| Defendants. | : | |

## PRELIMINARY JURY INSTRUCTIONS

### INTRODUCTION

Members of the jury: Now that you have been sworn, I am now going to give you some preliminary instructions to guide you in your participation in the trial.

### THE PARTIES AND THEIR CONTENTIONS

Before I begin with those instructions, however, allow me to give you an overview of who the parties are and what each contends.

The parties in this case are the Plaintiff, Trinidad Navarro, a Corporal for the New Castle County Police Department and the Defendants, Christopher A. Coons, New Castle County Executive, and Guy H. Sapp, former New Castle County Director of Public Safety.

In this case, the Plaintiff, Corporal Trinidad Navarro alleges that Defendants Christopher Coons and Guy Sapp, improperly interjected their power and influence in the New Castle County Police Department to withhold Plaintiff's promised promotion to Sergeant, thereby violating Cpl. Navarro's First Amendment Right to freedom of political association.

Plaintiff alleges that Mr. Coons and Mr. Sapp's actions were improper in that they were based upon retaliatory motives for Cpl. Navarro's political activity. That political activity consisted of: (1) Cpl. Navarro's political association with Mr. Coons political rivals, former New Castle County Executive Tom Gordon and former New Castle County Chief Administrative Officer and political opponent of Mr. Coons in the 2004 primary election for County Executive, Sherry Freebery[1]; (2) Cpl. Navarro's loyalty to and support of former Chief of the New Castle County Police, Col. David F. McAllister, a Gordon appointee, as well as; (3) Cpl. Navarro's perceived political disassociation and nonsupport of the Coons Administration.

The Defendants maintain that plaintiff did not engage in any type of activity that was protected by the First Amendment nor did they retaliate against him. They contend that in 2005, New Castle County, in an effort to place more patrol officers on the street and address a budgetary deficit, made County-wide changes to the Fiscal Year 2006 budget. These changes resulted in a reduction of the number of available sergeant positions, and Defendants Coons and Sapp did not "withhold" any promotion from Plaintiff. Defendants Coons and Sapp, having been sued in their individual capacities, contend that they did not violate any clearly established constitutional right of the plaintiff and that they could not have been on notice that any actions they took were in violation of such a right. Additionally, Defendants contend that plaintiff is unable to establish that they acted maliciously or wantonly toward the plaintiff.[2]

As the finder of fact, you will be asked to determine whether Mr. Navarro was not promoted based upon his political association or whether it was based upon legitimate business reasons.

---

[1] Defendants object to this language for the reasons set forth in their second Motion in Limine and because plaintiff is attempting to usurp the Court's role in determining the existence and scope of alleged protected activity in this matter.

[2] Defendants may need to supplement depending upon summary judgment opinion.

If appropriate, you will be asked to determine the amount of money damages necessary to compensate Mr. Navarro for all of his injuries.

## DUTIES OF THE JURY

So, let me begin with those general rules that will govern the discharge of your duties as jurors in this case.

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply to those facts to the law as I will give it to you both during these preliminary instructions and at the close of the evidence. You must follow that law whether you agree with it or not. Again, of course, you are bound by your oath as jurors to follow these and all the instructions that I give you, even if you personally disagree with them. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. Also, do not let anything that I may say or do during the course of the trial influence you. Nothing that I may say or do is intended to indicate, or should be taken by you as indicating, what your verdict should be.

## EVIDENCE

The evidence from which you will find the facts will consist of the testimony of witnesses; (the testimony of witnesses consist of the answers of the witnesses to questions posed by the attorneys or the court – you may not ask questions). Evidence will also consist of documents and other things received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that I may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now:

1. Statements, arguments, and questions by lawyers are not evidence.

2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3. Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4. Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. As a general rule, the law makes no distinction between these two types of evidence, but simply requires that you find facts from all the evidence in the case, whether direct or circumstantial or a combination of the two.

## **CREDIBILITY OF WITNESSES – WEIGHING CONFLICTING TESTIMONY**

You are the sole judges of each witness' credibility. You should consider each witness' means of knowledge; strength of memory; opportunity to observe; how reasonable or

unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness' biases, prejudices, or interests; the witness' manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make on harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable. This instruction applies to the testimony of all witnesses, including expert witnesses.

## SUMMARY OF APPLICABLE LAW

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements which Plaintiff must prove to make his case:

1.    Whether Cpl. Navarro engaged in any activity which might have caused his promotion to be withheld.[3]

2.    Whether Cpl. Navarro's activity was of a political nature, that is, that Cpl. Navarro's activity consisted of or included: (1) supporting Gordon and/or Freebery, and/or; (2) supporting the Gordon/Freebery Administration (the County Executive Administration in office

---

[3] Defendants reserve the right to object to this language pending receipt of the Court's decision on Defendants' Motion for Summary Judgment.

5

prior to Chris Coons taking over as County Executive in 2005) including its appointees, and/or[4]: (3) opposing or not supporting the Coons Administration. If so, then Cpl. Navarro's activity was political activity.

3. Whether Christopher Coons and/or Guy Sapp took any actions adverse to Cpl. Navarro relative to a potential promotion.

4. Whether Cpl. Navarro's political activity was a substantial or motivating factor in the decision to withhold the promotions that allegedly would have included Cpl. Navarro. In other words, did either Defendant act with retaliatory intent toward Cpl. Navarro when it was decided to not authorize three promotions, which allegedly would have included Cpl. Navarro?[5]

5. If the above-four elements are met, then the burden shifts to Defendants to establish that they would have taken the same actions pertaining to the promotions in the absence of Cpl. Navarro's protected activity.

**BURDEN OF PROOF**

As I told you during the voir dire, this is a civil case. Here the Plaintiff has the burden of proving his case by what is called a preponderance of the evidence. That means that the Plaintiff has to produce evidence which, considered in the light of all the facts, leads you to believe that what the Plaintiff claims is more likely true than not. To put it differently, if you were to put the

---

[4] Defendants object to the language in subsections 1) and 2) for the reasons set forth in their second Motion in Limine and because plaintiff is attempting to usurp the Court's role in determining the existence and scope of alleged protected activity in this matter.

[5] Defendants object to the language "decision to not promote" in the first sentence of this subsection. Additionally, Defendants reserve the right to object to this language pending receipt of the Court's decision on Defendants' Motion for Summary Judgment. Finally, Defendants object to the language for the reasons set forth in their second Motion in Limine and because plaintiff is attempting to usurp the Court's role in determining the existence and scope of alleged protected activity in this matter.

Plaintiff's and Defendants' evidence on opposite sides of a scale, the evidence supporting the Plaintiff would have to make the scale tip somewhat on his side. If the Plaintiff fails to meet this burden, the verdict must be for the Defendants'. The Plaintiff must also prove his damages by a preponderance of the evidence.

Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt. That requirement does not apply to a civil case; therefore, you should put it out of your mind.

**CONDUCT OF THE JURY**

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case including your fellow jurors. If any lawyer, party, or witness does not speak to y9ou when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk with you nor you with them. In this way, an unwarranted and unnecessary suspicion about your fairness can be avoided. If anyone should try to talk to you about it, bring it to the court's attention promptly.

Second, do not read or listen to anything touching on this case in any way.

Third, do not try to do any research or make any investigation about the case on your own.

Finally, do not form any opinion until all the evidence in. Keep an open mind until you start your deliberations at the end of the case.

During trial, I will permit you to take notes. A word of caution is in order. There is always a tendency to attach undue importance to matters which one has written down. Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

So if you do take notes, leave them in your seat at the end of the day, and my Deputy will collect them and return them to your seat the next day. And, remember that they are for your own personal use.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.

## COURSE OF THE TRIAL

This trial, like most jury trials, comes in seven stages or phases. We have already been through the first phase, which was to select you as jurors. The remaining stages are:

(2) These preliminary instructions to you;

(3) Opening statements which are intended to explain to you what each side intends to prove and are offered to help you follow the evidence. The lawyers are not required to make

opening statements at this time or they may defer this opening until it is their turn to present evidence.

(4) The presentation of the evidence which will include live witnesses and may also include previously recorded testimony, as well as documents and things;

(5) My final instructions of the law to you;

(6) The closing arguments of the lawyers which will be offered to help you make your determination; and finally,

(7) Your deliberations where you will evaluate and discuss the evidence among yourselves and determine the outcome of the case.

Please keep in mind that evidence is often introduced somewhat piecemeal. So, as the evidence comes in, you as jurors need to keep an open mind.

We will begin shortly, but first I want to outline the anticipated schedule of the trial.

**TRIAL SCHEDULE**

Though you have heard me say this during the voir dire, I want to again outline the schedule I expect to maintain during the courts of this trial.

This case is expected to take five (5) day to try. We will normally begin the day at 9:00 a.m. promptly. We will go until 1:00 p.m. and, after a one hour break for lunch, from 2:00 p.m. to 4:30 p.m. There will be a fifteen minute break at 11:00 a.m. and another fifteen minute break at 3:15 p.m. The only significant exception to this schedule may occur when the case is submitted to you for your deliberations. On that day, the proceedings might last beyond 5:00 p.m. We will post a copy of this schedule for your convenience in the jury deliberation room.

_____
Honorable Gregory M. Sleet